## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| INFRASTRUCTURE SERVICE<br>COMPANY, LLC, | Case No. 04-12037 (PJW) |
| Debtor. | |
| | |
| INFRASTRUCTURE SERVICE<br>COMPANY, LLC, | |
| Plaintiff, | Adv. Pro. No. 05-51879 |
| v. | |
| JOHN F. FIRESTONE, HUB | RE: Adv. Dkt. No. 3 |
| MANAGEMENT, INC., a Texas Corporation,<br>JOHN FIRESTONE MASTER LIMITED<br>PARTNERSHIP, a Texas L.T.D., AND HMI<br>GROUP, INC., a Texas Corporation. | |
| Defendants. | |

### ORDER

Upon the Emergency Motion dated July 28, 2005 (the "Emergency Motion") of the above

captioned debtor and debtor in possession pursuant to 11 U.S.C. §§105 and Bankruptcy Rule

7065 for entry of an order temporarily restraining and preliminarily enjoining the Defendants

from transferring the Property[1] except in accordance with the Firestone Contract or as allowed by

a court of competent jurisdiction until a judgment can be entered; and upon consideration of any

objection and supporting papers filed by Defendants in response thereto; and following a hearing

held on June 30, 2005 with respect to the Emergency Motion; and based upon the statements and

---

[1]   Capitalized terms not defined herein shall have the meaning given them in the Complaint for (i) Violation
of the Automatic Stay; (ii) Declaratory Relief; (iii) Breach of Contract; (iv) Fraudulent Conveyance; (v)
Tortious Interference with Contract; and (vi) Injunctive Relief (the "Complaint") filed on June 28, 2005.

admissions of counsel during the hearing and upon the undisputed facts as established during the June 30 hearing,

IT IS ORDERED, ADJUDGED AND DECREED:

1.    The findings and rulings set forth on the record at the June 30 hearing are hereby incorporated by reference as if set forth fully herein.

2.    Entry of a temporary restraining order is unnecessary because the automatic stay provisions of section 362 of the Bankruptcy Code already provide the Debtor with the relief sought by the Emergency Motion.  Defendants are prohibited from transferring title to the Property until further order of this Court.

3.    The transfers of title to the Property on May 28, 2005, from defendants John Firestone and Hub Management, Inc. to the Firestone Master Limited Partnership constitute clear violations of the automatic stay.

4.    The transfers of title to the Property on June 16, 2005, from defendant the Firestone Master Limited Partnership to HMI Group, Inc. and Hub3, LLC constitute clear violations of the automatic stay.

5.    If the above unlawful transfers of title to the Property affect in any way the Debtor or the Debtor's attempts to assume and/or assign the Firestone Contract, such transfers are hereby declared void ab initio.  Such transfers shall have no force and effect, and title to the Property will be deemed to be held by John Firestone and Hub Management, Inc. at all times and in the same manner and with the same property interests that existed as of the filing of this chapter 11 case.

6.    This Court retains jurisdiction to hear any disputes arising out of or related to the terms of this order.

IT IS SO ORDERED.

Dated: July **7**, 2005

Honorable Peter J. Walsh