## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>INFRASTRUCTURE SERVICE<br>COMPANY, LLC<br><br>                Debtor. | Chapter 11<br><br>Bankruptcy Case No. 04-12037 (PJW) |
| John F. Firestone, Hub Management, Inc.,<br>John Firestone Master Limited Partnership, and<br>HMI Group, Inc.,<br><br>               Appellants,<br><br>v.<br><br>INFRASTRUCTURE SERVICE COMPANY,<br>LLC,<br><br>               Appellee. | C.A. No. 05-579 (GMS)<br><br>Adv. Pro. No. 05-51879 (PJW) |

## APPELLEE'S OPENING BRIEF IN SUPPORT OF MOTION TO DISMISS APPEAL

BLANK ROME LLP
Michael D. DeBaecke (DE No. 3186)
1201 N. Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6400

and

RUTAN & TUCKER, LLP
Penelope Parmes
Martin W. Taylor
Matthew Grimshaw
611 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626
(714) 338-1861

Attorneys for Appellee

## TABLE OF CONTENTS

Page

Table of Authorities ......................................................................................................... ii

NATURE AND STAGE OF THE PROCEEDINGS ........................................................1

SUMMARY OF ARGUMENT .......................................................................................2

STATEMENT OF FACTS ..............................................................................................3

   A. General Factual Background.................................................................................3

   B. The Firestone Contract and California Action ....................................................3

   C. Entry of Summary Judgment for Plaintiff and Improper Transfers of the Property by the Defendants ...............................................................................4

   D. The Adversary Proceeding, Emergency Motion, and Entry of Order ...............5

ARGUMENT...................................................................................................................7

   A. The Order is Not a "Final Order" Subject to Immediate Appeal.......................7

   B. The Court Should Decline to Exercise Jurisdiction over the Interlocutory Appeal...........9

     1. The appeal should be dismissed because Defendants failed to observe the requirements of Bankruptcy Rule 8001(b) ..................................................9

     2. Even if Defendants' failure to follow the requirements of Bankruptcy Rule 8001(b) is ignored, this Court should decline to exercise jurisdiction over this interlocutory appeal ...................................................................................10

CONCLUSION................................................................................................................12

121241.01600/40156068v.1

## TABLE OF AUTHORITIES

**Cases**                                                                                              Page

*Allegheny Intern., Inc. v. Allegheny Ludlum Steel Corp.*, 920 F.2d 1127, 1132 (3d Cir. 1990)..7, 8

*Commerce Bank v. Mountain View Village, Inc.*, 5 F.3d 34, 36-37 (3d Cir. 1993).........................8

*Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)............................................................11

*Eleazar v. United States*, No. 02-61, 2002 U.S. Dist. LEXIS 8600
(D.N.J. February 11, 2002)...........................................................................................................9, 10

*Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 61 (1982)  (*quoting Browder v. Director,
Illinois Dep't of Corr.*, 434 U.S. 257, 264 (1978) .........................................................................10

*In re Kunkel*, No. 03-mc-239, 2003 U.S. Dist. LEXIS 23725 (E.D. Pa. December 29, 2003)......10

*In re Natale*, 295 F.3d 375 (3d Cir. 2002) ......................................................................................8

*In re White Beauty View, Inc.*, 841 F.2d 524, 526 (3d Cir. 1988) ................................................8, 9

**Statutes and Rules**

28 U.S.C. § 158(a) ........................................................................................................................7, 9

28 U.S.C. § 158(a)(1)..........................................................................................................................7

28 U.S.C. § 158(a)(3).........................................................................................................................7

28 U.S.C. . § 1292(b).......................................................................................................................10

Fed. R. Bankr. P. 8001(b) ..................................................................................................................9

Bankruptcy Code §§ 1107, 1108 .......................................................................................................3

Bankruptcy Rule 8001 ...............................................................................................................2, 7, 10

Bankruptcy Rule 8001(b).............................................................................................................9, 10

Bankruptcy Rule 8003 (c)................................................................................................................10

Cal. Code of Civ. Proc. § 425.16 ......................................................................................................3

121241.01600/40156068v.1

## NATURE AND STAGE OF PROCEEDINGS

Appellee Infrastructure Service Company LLC (the "Debtor") filed a petition under chapter 11 of title 11 of the United States Code on July 15, 2004. Bankr. Case No. 04-12037 (PJW). A central issue in its bankruptcy case is whether the Debtor will be authorized to assume and/or assign a certain contract for the purchase of approximately 280 acres of undeveloped real property (the "Property") located in Temecula, California for an aggregate purchase price of approximately $40 million. Under the purchase contract, the Debtor is the purchaser and appellants John F. Firestone and Hub Management, Inc. are the sellers. Appellants have contested with great vigor the Debtor's pending motion to assume and assign the purchase contract.

On June 28, 2005, the Debtor filed a complaint (Adv. Pro. No. 05-51879 (PJW)) in the United States Bankruptcy Court for the District of Delaware against defendants/appellants John F. Firestone, Hub Management, Inc., John Firestone Master Limited Partnership, and HMI Group, Inc. (collectively, the "Defendants"). A few days before the filing of the complaint, the Debtor had learned that the Defendants, on two separate occasions and via four separate deeds (executed on May 28 and June 16, 2005, respectively), had secretly transferred the Property between and among themselves, so that title to the Property was no longer in the name of the contract parties, John Firestone and Hub Management, Inc. By the complaint, the Debtor asserted claims for violation of the automatic stay, declaratory relief, fraudulent conveyance, tortious interference with contract, breach of contract, and injunctive relief.

On June 28, 2005, the Debtor also filed an emergency motion for entry of a temporary restraining order and preliminary injunction seeking to enjoin Defendants from further transferring or encumbering the Property. A hearing was held on June 30, 2005. After

1

considering both the moving papers and Defendants' opposition to the motion (including declarations from each of the four defendants) and hearing argument, the Bankruptcy Court found that based upon the undisputed facts and admissions by Defendants, the aforesaid transfers of the Property constituted clear violations of the automatic stay. On July 7, 2005, the Bankruptcy Court entered an order (the "Order") setting forth its ruling. Defendants filed a notice of appeal on July 15, 2005. Defendants did not seek leave from the Bankruptcy Court or this Court to file an appeal.

## SUMMARY OF ARGUMENT

1.      The appeal should be dismissed because the Order is not a final order subject to immediate appeal as of right.

2.      The appeal is interlocutory and should be dismissed because Defendants have failed to comply with the requirements of Bankruptcy Rule 8001.

3.      Notwithstanding Defendants' failure to comply with Bankruptcy Rule 8001, this Court should refuse to exercise discretionary jurisdiction over the appeal because there are no exceptional circumstances warranting review at this time.

2

121241.01600/40156068v.1

## STATEMENT OF FACTS

### A.    General Factual Background

On July 15, 2004 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. Bankr. Case No. 04-12037 (PJW). The Debtor continues in possession of its assets and manages its business as a debtor in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No official committee of unsecured creditors has been appointed to date.

### B.    The Firestone Contract and California Action

Prior to the Petition Date, on September 4, 2003, the Debtor on the one hand and defendants John Firestone and HUB Management, Inc. on the other hand entered into an Amended and Restated Contract of Purchase and Sale (the "Firestone Contract") whereby Firestone and HUB agreed to sell and the Debtor agreed to purchase the Property for an aggregate purchase price of approximately $40 million. Section 11(a) of the Firestone Contract explicitly prohibits Firestone or HUB from transferring title to the Property.

In December 2003, disputes arose between the parties. The Debtor sought to protect its rights under the Firestone Contract by filing a complaint in California state court seeking specific performance against Firestone and HUB (the "California Action"). Firestone and HUB moved to dismiss the complaint pursuant to California's Anti-SLAPP statute.[1] Before the motion to dismiss was decided and before defendants Firestone and Hub Management took any steps to terminate the Firestone Contract, the Debtor filed its chapter 11 case.

On October 8, 2004, pursuant to section 365 of the Bankruptcy Code, the Debtor moved (as amended, the "Assumption Motion") for entry of an order authorizing it to assume the Firestone Contract and assign it to assignee Ocean Atlantic Temecula, LLC, a California limited

---

[1] "SLAPP" stands for Strategic Lawsuit Against Public Participation. Cal. Code of Civ. Proc. § 425.16.

121241.01600/40156068v.1

liability company. [Bankr. Dkt. Nos. 101, 124]. Firestone and HUB Management opposed the Assumption Motion by contending, among other things, that the Firestone Contract could not be assumed because it had been terminated prior to the Petition Date. On December 8, 2004, the Bankruptcy Court adjourned the hearing on the Assumption Motion until a ruling could be obtained in the California Action.

### C.  Entry of Summary Judgment for Plaintiff and Improper Transfers of the Property by the Defendants

The California Action was pursued by both sides with great vigor after the December 8, 2004 hearing in Delaware on the Assumption Motion. Motions addressed by the Bankruptcy Court presiding over the California Action[2] included without limitation: (i) Defendants' motion for remand and/or abstention, which motion was denied; (ii) Defendants' Anti-SLAPP motion to dismiss Debtor's complaint, which motion was granted, with leave for the Debtor to file a supplemental complaint seeking declaratory relief with respect to whether the Firestone Contract had terminated prior to the Petition Date; (iii) Defendants' motion to expunge lis pendens, which motion was granted; (iv) Defendants' motion for permission to transfer the Property, which motion was denied. In connection with denial of the Defendants' request to transfer title to related entities allegedly for unspecified estate planning purposes, the California Bankruptcy Court entered a consensual temporary restraining order prohibiting a transfer of the Property until at least May 27, 2005; and (v) Debtor's motion for summary judgment, summary adjudication of issues, and/or preliminary injunction on the issue of whether the Firestone Contract had been terminated prior to the Petition Date.

---

[2] The Debtor removed the California Action to federal district court shortly after the Petition Date. The United States District Court for the Central District of California referred the California Action to the United States Bankruptcy Court for the Central District of California (Riverside Division) for adjudication. Bankruptcy Judge Meredith Jury presides over the California Action.

4

On May 19, 2005, the California Bankruptcy Court held oral argument on the Plaintiff's motion for summary judgment and the Defendants' opposition thereto, which opposition was treated as a cross-motion for summary judgment. On May 31, 2005, the California Bankruptcy Court issued summary judgment and related findings of fact and conclusions of law in favor of Plaintiff/Debtor, finding without limitation that the Firestone Contract had not been terminated as of the Petition Date. Also on May 31, 2005, the California Bankruptcy Court issued a further temporary restraining order reinstating (until June 15, 2005) the TRO that had expired by its terms on May 27, 2005.

Unbeknownst to the California Bankruptcy Court, the Delaware Bankruptcy Court, and the Debtor, on May 28, 2005 (a Saturday), Firestone and HUB had executed Grant Deeds purporting to transfer their respective interests in the Property to the John Firestone Master Limited Partnership. Those grant Deeds were recorded early in the morning of May 31, 2005. On June 16, 2005, again without notice to the California Bankruptcy Court, the Delaware Bankruptcy Court, or the Debtor, title to the Property was again transferred by Defendants, this time to Hub 3, LLC and to HMI Group, Inc., a Texas corporation ("HMI").[3]

## D.    The Adversary Proceeding, Emergency Motion, and Entry of Order

Immediately upon learning of the transfers, the Debtor filed a complaint (the "Complaint") in the Delaware Bankruptcy Court asserting several causes of action against the Defendants, including: (i) violation of the automatic stay (Counts One and Two); (ii) declaratory relief (Count Three); (iii) breach of contract (Count Four); (iii) fraudulent conveyance (Counts

---

[3] Firestone and HUB assert that HMI is merely a name change for HUB. Moreover, Hub 3, LLC is yet to be named a party to the adversary proceeding (or to this appeal) because the Debtor did not learn of the apparent involvement of Hub 3 until after the Debtor had filed its Complaint and Emergency Motion.

5

Five, Six, Seven, and Eight); and (iv) tortious interference with contract (Count Nine). See Adv. Proc. No. 05-51879 (PJW), Dkt. No. 1. Simultaneously with the filing of the Complaint, Debtor filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (the "Emergency Motion") seeking to enjoin Defendants from further transferring or encumbering the Property. [Adv. Dkt. No. 2]. In addition to declaratory and injunctive relief, the Debtor seeks recovery of actual and punitive damages and such other and further relief as the Bankruptcy Court deems just and proper.

On June 30, 2005, the Delaware Bankruptcy Court held a hearing on the Emergency Motion. At the conclusion of the hearing, based upon the indisputable facts and the admissions of Defendants contained in their opposition to the Emergency Motion and made during the hearing, the Bankruptcy Court found that the transfers of title to the Property constituted clear violations of the automatic stay. The Bankruptcy Court deferred issuing a ruling on an appropriate remedy. See July 7, 2005 Order at ¶¶ 3, 4, 5; June 30, 2005 Tr. at 21-24. The Bankruptcy Court noted that the scope of remedial measures would depend upon whether the Debtor has been or will be injured by the transfers. The Delaware Bankruptcy Court noted that if the unlawful transfers affected in any way the Debtor's ability to assume and assign the Firestone Contract, the transfers would be treated as if they never happened. July 7, 2005 Order at ¶ 5; June 30, 2005 Tr. at 23. Because the automatic stay provisions of section 362 of the Bankruptcy Code already prohibited the challenged conduct, the Bankruptcy Court found that entry of a temporary restraining order was not required. July 7, 2005 Order at ¶ 2.

The remaining claims asserted in the Complaint have not yet been adjudicated. In fact, as of the filing of the appeal on July 15, 2005, the Summons and Complaint had not yet been formally served.

6

## ARGUMENT

28 U.S.C. §158(a) governs appeals from orders issued by bankruptcy courts. A district court has jurisdiction to hear appeals "from final judgments, orders, and decrees" and "with leave of the court, from other interlocutory orders and decrees" of bankruptcy judges. 28 U.S.C. § 158(a)(1), (a)(3). Jurisdiction over the instant appeal does not lie under 28 U.S.C. § 158(a)(1) because the Order is not a "final order". Likewise, no jurisdiction exists over this interlocutory appeal under 28 U.S.C. § 158(a)(3) because (i) Defendants failed to seek leave to appeal pursuant to Bankruptcy Rule 8001 and (ii) there are no controlling questions of law or "exceptional circumstances" warranting the exercise of discretionary jurisdiction, notwithstanding Defendants' failure to observe the requirements of Bankruptcy Rule 8001. Accordingly, this appeal should be dismissed.

### A.    The Order is Not a "Final Order" Subject to Immediate Appeal.

The Third Circuit has cautioned that appellate considerations unique to bankruptcy proceedings require courts addressing the propriety of an appeal from a bankruptcy court order to "balance a general reluctance to expand traditional interpretations of finality and a desire to effectuate a practical termination of the matter." *Allegheny Intern., Inc. v. Allegheny Ludlum Steel Corp.*, 920 F.2d 1127, 1132 (3d Cir. 1990) (internal citations omitted). In other words, appellate courts take a pragmatic approach in determining whether a bankruptcy court order is a final order subject to appeal.

Factors to consider in the balancing process include "the impact of the disputed issue on the assets of the bankruptcy estate, the necessity for additional fact-finding on a remand, the preclusive effect of this court's decision on the merits of subsequent litigation, and the furtherance of judicial economy." *Allegheny Intern.* at 1132 (concluding that order denying motion to transfer was not final because (a) resolution of appeal would not affect assets in

7

debtor's estate and (b) defendant's pending motion for judgment on pleadings divested bankruptcy court's order of its finality). *See also In re Natale*, 295 F.3d 375 (3d Cir. 2002) (order granting partial summary judgment but not concluding adversary proceeding was not a final order); *Commerce Bank v. Mountain View Village, Inc.*, 5 F.3d 34, 36-37 (3d Cir. 1993) (bankruptcy court order holding rents and leases to be property of the estate was a final order).

The Third Circuit has been equally emphatic in discouraging piecemeal litigation resulting from premature appeals of bankruptcy court orders entered in adversary proceedings. *See In re White Beauty View, Inc.*, 841 F.2d 524, 526 (3d Cir. 1988) (dismissing appeal in bankruptcy adversary proceeding for lack of jurisdiction; noting that "inefficient use of judicial resources is as objectionable in bankruptcy appeals as in other fields"). Following this reasoning, the Third Circuit has held that a bankruptcy court order upholding liability, but leaving damages for subsequent determination, is not a final order. *Id.* at 526 (order in adversary proceeding is not final when it upholds liability but does not fix the amount of damages; courts assessing finality of bankruptcy court order adjudicating specific adversary proceeding should apply same concepts of appealability used in general civil litigation); *Natale*, 295 F.3d at 379-80 (defendant Trust could not have appealed from prior bankruptcy court order granting partial summary judgment until after entry of final order concluding the adversary proceedings).

The Order clearly is not a "final order" subject to appeal as of right. The Summons and Complaint had not even been served when the appeal was filed. Although the Bankruptcy Court determined that the Defendants violated the automatic stay by transferring the Property without obtaining relief from the automatic stay, it has not yet considered all of Plaintiff's claims and requests for relief. A myriad of issues, including claims against the Defendants for breach of contract, fraudulent conveyance, and tortious interference with contract, remain pending before

8

the Bankruptcy Court in the adversary proceeding. Moreover, remedies sought by the Debtor but not yet addressed by the Bankruptcy Court include actual and punitive damages. The adversary proceeding clearly has not been concluded – it has barely begun. The appeal is premature.

Consideration of this appeal clearly will not avoid further proceedings in the Bankruptcy Court and will not promote judicial efficiency. It undoubtedly will lead to piecemeal litigation. If an appeal is considered now, this case will be remanded to the Bankruptcy Court for further proceedings, no matter what the result of the appeal. Moreover, if the Debtor is able to assume the Firestone Contract and close on the transaction, this appeal would be rendered moot. It makes little sense to accept an appeal at this time when so many issues remain open in the adversary proceeding and in the bankruptcy case as a whole. Because the Order is not a final order, the appeal should be dismissed for lack of jurisdiction.

**B.    The Court Should Decline to Exercise Jurisdiction over the Interlocutory Appeal.**

**1.    The appeal should be dismissed because Defendants failed to observe the requirements of Bankruptcy Rule 8001(b).**

Bankruptcy Rule 8001(b) requires a party to seek leave to appeal if it seeks to challenge an interlocutory order entered by a bankruptcy judge. Fed. R. Bankr. P. 8001(b) ("An appeal from an interlocutory judgment, order or decree of a bankruptcy judge as permitted by 28 U.S.C. §158(a) shall be taken by filing a notice of appeal…accompanied by a motion for leave to appeal prepared in accordance with Rule 8003…".) (emphasis added). Failure to do so should result in dismissal of the appeal. *White Beauty View*, 841 F.2d at 527; *See Eleazar v. United States*, No. 02-61, 2002 U.S. Dist. LEXIS 8600 (D.N.J. February 11, 2002) (court lacked jurisdiction over appeal because the "requirement of a properly filed, timely notice of appeal is mandatory and jurisdictional."), *citing Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 61 (1982)

9

121241.01600/40156068v.1

(*quoting Browder v. Director, Illinois Dep't of Corr.*, 434 U.S. 257, 264 (1978)) (copy of <u>Eleazar</u> attached hereto as Exhibit "A").

It is undisputed that the Defendants failed to file a motion seeking leave to pursue this appeal. As a result, based upon the plain language of Bankruptcy Rule 8001(b), this Court lacks jurisdiction and the appeal should be dismissed.

> **2.      Even if Defendants' failure to follow the requirements of Bankruptcy Rule 8001(b) is ignored, this Court should decline to exercise jurisdiction over this interlocutory appeal.**

Even if Defendants' failure to comply with Bankruptcy Rule 8001 is overlooked, this Court should decline to exercise jurisdiction over the instant interlocutory appeal. *See* Bankruptcy Rule 8003(c) (leave to appeal may be granted notwithstanding failure to file motion for leave to appeal).

District courts primarily rely upon the language of 28 U.S.C. § 1292(b) in considering whether to exercise jurisdiction over an interlocutory appeal from a bankruptcy court order. S*ee e.g.*, *In re Kunkel*, No. 03-mc-239, 2003 U.S. Dist. LEXIS 23725 (E.D. Pa. December 29, 2003) (copy attached hereto as Exhibit "B"). Section 1292(b) permits courts of appeal to exercise jurisdiction over non-final orders that involve "a controlling question of law as to which there is substantial ground for difference of opinion" when "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *Kunkel*, 2003 U.S. Dist. LEXIS 23725 at *7. The factors set forth in section 1292(b) promote the fundamental policy that appellate review should be postponed until after a final judgment is rendered. *Kunkel*, 2003 U.S. Dist. LEXIS 23725 at *7. "Only exceptional circumstances warrant the exercise of appellate jurisdiction over an interlocutory order." *Id.*, citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

Here, the requisite "exceptional circumstances" necessary for exercising appellate jurisdiction over the interlocutory Order are wholly lacking. First, the Order does not involve "a controlling question of law as to which there is substantial ground for difference of opinion." To the contrary, Defendants ask this Court to review findings by the Bankruptcy Court based upon undisputed and admitted facts. There is no substantial ground for difference of opinion. Defendants, by their own admission, clearly violated the automatic stay.

Moreover, exercising jurisdiction over the appeal would not "materially advance the ultimate termination of the litigation." On the contrary, addressing the piecemeal appeal pursued by Defendants would only serve to delay such a determination. The adversary proceeding has not even left the starting blocks yet. The adversary proceeding will not be terminated, no matter what the result of the appeal. The parties are going back to the Bankruptcy Court to litigate the adversary proceeding. In sum, exercising jurisdiction over the appeal would not materially advance the ultimate termination of the litigation. There are no circumstances, let alone exceptional circumstances, warranting exercise of jurisdiction over the appeal.

11

## CONCLUSION

For the foregoing reasons, Debtor respectfully requests that Defendants' appeal from the

Bankruptcy Court's July 7, 2005 Order be dismissed.

Dated: September 23, 2005                     **BLANK ROME LLP**

*Michael DeBaecke*

Michael D. DeBaecke, Esquire (No. 3186)
Steven L. Caponi, Esquire (No. 3484)
1201 N. Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6400

and

**RUTAN & TUCKER, LLP**
Penelope Parmes
611 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626
Tel:    (714) 338-1861

Attorneys for the Debtor

12

121241.01600/40156068v.1

# EXHIBIT A

LEXSEE 2002 U.S. DIST. LEXIS 8600

**Roberto Eleazar v. United States**

**Civil No. 02-61 (JAP) (US DC D.N.J)**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

*2002 U.S. Dist. LEXIS 8600; 89 A.F.T.R.2d (RIA) 1420*

**February 11, 2002, Decided**

**PRIOR HISTORY: [\*1]** Bankr. Adv. No. 99-3992, Ch. 11 Case No. 97-21682 (USBC D.N.J.)

*United States v. Eleazar (In re Eleazar), 271 B.R. 766, 2001 Bankr. LEXIS 1831, Bankr. L. Rep. (CCH) P 78616* (Bankr. D.N.J., Dec. 12, 2001)

**DISPOSITION:** Appellee's motion to dismiss appeal was granted and appellant's appeal was dismissed.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Appellant debtor appealed an U.S. Bankruptcy Court's order, from an adversary proceeding, which granted in part and denied in part the government's motion for summary judgment. The government moved to dismiss the appeal for lack of appellate jurisdiction.

**OVERVIEW:** *Fed. R. Bankr. P. 8001(b)* required the debtor to move for leave to appeal if seeking to challenge a nonappealable, interlocutory order. The debtor failed to so move, and thus filed improperly his notice of appeal. The court thus had no jurisdiction to act because the requirement of a properly filed, timely notice of appeal was mandatory and jurisdictional. Accordingly, the court found that it lacked jurisdiction over the appeal pending in this matter, since the order was not final, and the debtor did not seek leave to appeal as required under *Fed. R. Bankr. P. 8001(b)*.

**OUTCOME:** The government's motion to dismiss the appeal was granted, and the debtor's appeal was dismissed without prejudice.

**LexisNexis(R) Headnotes**

*Bankruptcy Law > Practice & Proceedings > Appeals*

*Civil Procedure > Appeals > Appellate Jurisdiction > Final Judgment Rule*

*Civil Procedure > Jurisdiction > Jurisdictional Sources*
[HN1] A district court has jurisdiction over an appeal in a bankruptcy case where it reviews a final judgment, *28 U.S.C.S. § 158*(d), or where it grants leave to consider an interlocutory order, *28 U.S.C.S. § 158*(a). *Fed. R. Bankr. P. 8001(b)* requires a party to move for leave to appeal if seeking to challenge a nonappealable, interlocutory order. A premature notice of appeal shall have no effect; a new notice of appeal must be filed. In short, it is as if no notice of appeal were filed at all. The requirement of a properly filed, timely notice of appeal is mandatory and jurisdictional.

**COUNSEL:** For ROBERTO S. ELEAZAR, appellant: JEFFREY A. COOPER, ESQ., CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN, ROSELAND, NJ.

For UNITED STATES OF AMERICA, appellee: CHARLES M. FLESCH, US DEPARTMENT OF JUSTICE TRIAL ATTORNEY TAX DIVISION, WASHINGTON, DC.

**JUDGES:** Joel A. Pisano, U.S.D.J.

**OPINIONBY:** Joel A. Pisano

**OPINION:**

LETTER ORDER ORIGINAL FILED WITH THE CLERK OF THE COURT

To: All parties

Re: Roberto Eleazar v. United States
Civil No. 02-61 (JAP) (USDC D.N.J)
Bankr. Adv. No. 99-3992
Ch. 11 Case No. 97-21682 (USBC D.N.J.)

Case 1:05-cv-00579-GMS   Document 6-2   Filed 09/23/2005   Page 18 of 24

Page 2

2002 U.S. Dist. LEXIS 8600, *; 89 A.F.T.R.2d (RIA) 1420

Dear Parties:

Before the Court is the United States' motion to dismiss the appeal filed in the above matter for lack of appellate jurisdiction. Debtor/Appellant Roberto Eleazar ("Eleazar") has appealed an U.S. Bankruptcy Court's order dated December 12, 2001, from an adversary proceeding captioned *United States v. Eleazar*, which granted in part and denied in part the United States' motion For summary judgment. Specifically, the Bankruptcy Court's December 12, 2001 order did not grant **[*2]** any judgment as to any party on the issue raised in Count I of Eleazar's counterclaim, in which he seeks a declaratory judgment that the assessed penalties are dischargeable and not secured under *11 U.S.C. § 523*(a)(7)(B) (Exhibit attached to Declaration of Charles M. Flesch). Thus, that judgement was not final, yet Eleazar never, as required, sought leave to appeal from that interlocutory order. Eleazar now consents to a dismissal of the appeal because the court's December 12, 2001 order was not final, but conditions his consent upon the Court's finding that "the appeal is not yet final and accordingly, the Bankruptcy Appeal is dismissed without prejudice." (Letter from Jeffrey A. Cooper, Esq., dated January 29, 2002.) The United States, in response, objects to what Eleazar's conditional dismissal, contending that Eleazar's proposal order and it's language "is contrary to building Supreme Court precedent and the applicable Bankruptcy Rules of Appellate Procedure." (Letter from Charles M. Flesch, Esq., dated February 4, 2002.). Essentially, the parties consent to relief, but dispute the form of the dismissal order than the Court shall enter.

**[HN1]** A district court **[*3]** has jurisdiction over an appeal in a bankruptcy case where it reviews a "final" judgment, *28 U.S.C. § 158*(d), or where it grants "leave" to consider an interlocutory order, *28 U.S.C. § 158*(a). Bankruptcy Rule 8001(b) requires a party to move for leave to appeal if seeking to challenge a nonappealable, interlocutory order. Appellant Eleazar failed to so move, and thus filed improperly his notice of appeal. "[A] premature notice of appeal 'shall have no effect'; a new notice of appeal 'must be filed.' In short, it is as if no notice of appeal were filed at all." *Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 61, 74 L. Ed. 2d 225, 103 S. Ct. 400 (1982)* (quotations omitted). The Court thus has no jurisdiction to act because the requirement of a properly filed, timely notice of appeal is 'mandatory and jurisdictional.' *Id.* (quoting *Browder v. Director, Illinois Dep't of Corr., 434 U.S. 257, 264, 54 L. Ed. 2d 521, 98 S. Ct. 556 (1978)).*

Accordingly, the Court finds that it lacks jurisdiction over the appeal pending in this matter since the December 12, 2001 order is not final, and Eleazar did not **[*4]** seek leave to appeal as required under Bankruptcy Rule 8001(b). The United States' motion to dismiss the appeal is GRANTED, and Eleazar's appeal is hereby DISMISSED. *See Associate Fin., Inc., v. Amann, 57 B.R. 379, 380* (noting that "the dismissal is without prejudice to a future appeal from a final order of the Bankruptcy Court.")

So ordered. This case is closed.

Feb. 11, 2002
Date

Joel A. Pisano, U.S.D.J.

# EXHIBIT B

LEXSEE 2003 U.S. DIST. LEXIS 23725

**IN RE: DALE D. KUNKEL, Debtor; EUGENE S. JASIN, et al, Plaintiffs, v. DALE D. KUNKEL, Defendant.**

**Case No. 03-mc-236**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

*2003 U.S. Dist. LEXIS 23725; 51 Collier Bankr. Cas. 2d (MB) 727*

**December 29, 2003, Decided**

**DISPOSITION: [*1]** Emergency motion for affirmative relief denied. Court declined to permit interlocutory appeal.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant debtor sought leave, pursuant to *28 U.S.C.S. § 158,* to appeal an order of the United States Bankruptcy Court for the Eastern District of Pennsylvania, which suspended plaintiff individuals' adversary proceedings against the debtor pending resolution of civil litigation instituted by the debtor against the individuals and their lawyers in federal court.

**OVERVIEW:** The individuals commenced a state court action against the debtor. The action was stayed following the debtor's Chapter 7 bankruptcy petition. The individuals filed an adversary complaint against the debtor in the bankruptcy court. The debtor filed a complaint against the individuals and their attorneys. As a result of the conflicts of interest created between the individuals and their lawyers by the debtor's federal action, the bankruptcy court suspended the adversary proceeding pending resolution of the debtor's civil action. The court declined to grant leave to permit the debtor's interlocutory appeal of the suspension order because the order, if erroneous, would not have led to reversal after final judgment, as it merely delayed the bankruptcy court's adjudication of outstanding issues. There also was no substantial ground for difference of opinion regarding the order, since was it was based on a sound application of Pa. R. Prof. Cond. 1.7(b), which prohibited conflicts of interest between lawyers and their clients. Jurisdiction under the collateral order doctrine was not appropriate because the order was not conclusive and it was not too important to be denied review.

**OUTCOME:** The court declined to grant leave to permit the debtor's interlocutory appeal.

**LexisNexis(R) Headnotes**

*Bankruptcy Law > Practice & Proceedings > Appeals*
[HN1] Pursuant to *28 U.S.C.S. § 158*(a), a district court has jurisdiction to hear appeals from both final orders and interlocutory orders of the bankruptcy court.

*Bankruptcy Law > Practice & Proceedings > Appeals*
[HN2] Unlike appealing a final order, the party seeking to appeal the interlocutory order must obtain leave of the district court.

*Bankruptcy Law > Practice & Proceedings > Appeals*
[HN3] See *28 U.S.C.S. § 158.*

*Bankruptcy Law > Practice & Proceedings > Appeals*
*Civil Procedure > Appeals > Appellate Jurisdiction > Interlocutory Orders*
[HN4] Although *28 U.S.C.S. § 158* fails to indicate the criteria a district court should employ in assessing the appropriateness of an interlocutory appeal, *28 U.S.C.S. § 158*(c)(2) states that an appeal under *28 U.S.C.S. § 158*(a) and (b) shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts. *28 U.S.C.S. § 158*(c).

*Bankruptcy Law > Practice & Proceedings > Appeals*
*Civil Procedure > Appeals > Appellate Jurisdiction > Interlocutory Orders*
[HN5] District courts have primarily relied upon the language of *28 U.S.C.S. § 1292*(b) in considering whether to exercise jurisdiction over an interlocutory appeal from bankruptcy court.

*Civil Procedure > Appeals > Appellate Jurisdiction > Interlocutory Orders*
[HN6] *28 U.S.C.S. § 1292*(b) sets forth the standards appellate courts use in determining the propriety of adjudicating interlocutory appeals from the district courts.

*Civil Procedure > Appeals > Appellate Jurisdiction > Interlocutory Orders*
[HN7] *28 U.S.C.S. § 1292*(b) permits the courts of appeals to exercise jurisdiction over non-final orders that involve a controlling question of law as to which there is substantial ground for difference of opinion when an immediate appeal from the order may materially advance the ultimate termination of the litigation.

*Civil Procedure > Appeals > Appellate Jurisdiction > Interlocutory Orders*
[HN8] The *28 U.S.C.S. § 1292*(b) factors support the fundamental policy that appellate review should be postponed until after a final judgment is rendered.

*Civil Procedure > Appeals > Appellate Jurisdiction > Interlocutory Orders*
[HN9] Only exceptional circumstances warrant the exercise of appellate jurisdiction over an interlocutory order.

*Civil Procedure > Appeals > Appellate Jurisdiction > Interlocutory Orders*
[HN10] A controlling question of law includes at the very least a ruling which, if erroneous, would be reversible error on final appeal.

*Legal Ethics > Client Relations > Conflicts of Interest*
[HN11] Pa. R. Prof. Cond. 1.7(b) prohibits conflicts of interests between lawyers and their clients.

*Civil Procedure > Appeals > Appellate Jurisdiction > Interlocutory Orders*
[HN12] Interlocutory appeals should be permitted sparingly.

*Civil Procedure > Appeals > Appellate Jurisdiction > Collateral Order Doctrine*
[HN13] A narrowly defined class of non-final orders, or "collateral orders" would be considered final orders for purposes of *28 U.S.C.S. § 1291*, and thus would be immediately appealable.

*Bankruptcy Law > Practice & Proceedings > Appeals*
*Civil Procedure > Appeals > Appellate Jurisdiction > Collateral Order Doctrine*
[HN14] Collateral orders have been considered final orders for purposes of *28 U.S.C.S. § 158*(a).

*Civil Procedure > Appeals > Appellate Jurisdiction > Collateral Order Doctrine*
[HN15] The collateral order doctrine applies only to a small class of otherwise non-final orders which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

*Civil Procedure > Appeals > Appellate Jurisdiction > Collateral Order Doctrine*
[HN16] The collateral order doctrine permits appellate review of orders that: (1) finally resolve a disputed question; (2) raise an important issue distinct from the merits of the case; and (3) are effectively unreviewable on appeal from a final judgment. To invoke this narrow exception to the finality rule, all three prongs must be satisfied.

*Civil Procedure > Appeals > Appellate Jurisdiction > Collateral Order Doctrine*
[HN17] An order is conclusive when no further consideration is contemplated by the district court. The "conclusiveness prong" of the collateral order doctrine excludes review of tentative, informal or incomplete decisions.

COUNSEL: For EUGENE JASIN, S., Plaintiff: STEPHEN J. PALOPOLI, III, LEAD ATTORNEY, LAW OFFICES OF STEPHEN J. PALOPOLI, III, ALLENTOWN, PA.

JUDGES: Franklin S. Van Antwerpen, U.S.D.J.

OPINIONBY: Franklin S. Van Antwerpen

OPINION:

**MEMORANDUM AND ORDER**
**Van Antwerpen, J.**

The instant appeal stems from the Chapter 7 bankruptcy proceedings of Dale D. Kunkel, debtor. Presently before this Court is the pro-se appeal of Defendant-Appellant Kunkel from an Order of the United States Bankruptcy Court for the Eastern District of Pennsylvania dated October 15, 2003, ("Order") in which the bankruptcy court (1) suspended the adversary proceedings pending resolution of civil litigation instituted by Defendant against Plaintiffs and their lawyers in the United States District Court for the Eastern District of Pennsylvania; and (2) reserved ruling on outstanding motions pending resolution of the civil proceedings in light of the decision to suspend. For the following reasons, this Court declines to grant leave to permit the interlocutory appeal.

2003 U.S. Dist. LEXIS 23725, *; 51 Collier Bankr. Cas. 2d (MB) 727

## I. BACKGROUND

The [*2] United States Bankruptcy Court for the Eastern District of Pennsylvania issued the Order in question on October 15, 2003. The Order ultimately derives from a series of actions filed by the parties against one another in bankruptcy court, state court, and federal district court.

On February 1, 2001, Plaintiffs commenced an action alleging various tort and contract claims against Defendant in the Lehigh County Court of Common Pleas. Defendant thereafter effected the automatic stay provision of *11 U.S.C. § 362* by filing a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the Eastern District of Pennsylvania on November 19, 2001. All pre-petition litigation was subsequently stayed. In March 2002, however, Plaintiffs filed an Adversary Complaint against Defendant in the bankruptcy court requesting that claims asserted against Defendant be deemed non-dischargeable and be excepted from any discharge orders entered pursuant to *11 U.S.C. § 523*. In response, Defendant filed a series of pro-se motions, including, *inter alia,* (1) a motion to dismiss the Adversary Complaint that was subsequently denied by the bankruptcy court [*3] on July 10, 2002; (2) an answer to the Adversary Complaint which included a challenge to the bankruptcy court's subject matter jurisdiction; (3) a motion applying for an order to show cause, filed June 5, 2003, arguing that Plaintiffs violated the automatic stay provision of *11 U.S.C. § 362* by filing the Adversary Complaint; and (4) a motion for sanctions, filed July 13, 2003, charging Plaintiffs with failure to comply with the bankruptcy court's discovery order dated May 30, 2003. Furthermore, on May 28, 2003, Defendant filed a complaint against Plaintiffs and Plaintiffs' lawyers in the United States District Court for the Eastern District of Pennsylvania. The complaint alleged, *inter alia,* various RICO violations.

As a result of the conflicts of interest created between Plaintiffs and their lawyers by Defendant's federal civil action, Plaintiffs filed a motion to suspend the adversary proceedings in the bankruptcy court on June 9, 2003. The bankruptcy court, in an Order dated October 15, 2003, granted the motion to suspend the adversary proceedings pending resolution of Defendant's civil action. The Order also reserved ruling on Defendant's motion for [*4] an order to show cause and motion for sanctions pending resolution of Defendant's federal civil action in light of the decision to suspend the adversary proceedings. Defendant appeals from this Order.

In addition to challenging the aforementioned Order, Defendant brings to this Court's attention various other claims. First, he seeks to have this Court dismiss Plain-

tiff's Adversary Complaint as being brought in willful violation of *11 U.S.C. § 362*. Second, he seeks dismissal of the same complaint as falling outside the scope of the bankruptcy court's subject matter jurisdiction. Third, he alleges that Plaintiffs conspired to deprive him of civil rights in violation of *18 U.S.C. §§ 241 and 242*. Next, he charges Plaintiffs with making a false claim in violation of *18 U.S.C. § 152(4)*, and with bankruptcy fraud pursuant to *18 U.S.C. § 157*. Finally, Defendant submits to this Court an emergency motion for Preliminary Injunction under *17 U.S.C. § 502*.

## II. DISCUSSION

This pro-se appeal challenges the bankruptcy court's decision to suspend the adversary proceedings. Defendant's [*5] other claims for deprivation of civil rights, assertion of false and fraudulent claims, and preliminary injunctive relief are beyond the scope of the appeal, and we will accordingly not entertain them at this juncture. Thus, we shall consider only whether we should exercise jurisdiction to entertain Defendant's appeal from the Order, and if so, the merits of that appeal.

[HN1] Pursuant to *28 U.S.C. § 158(a)*, a district court has jurisdiction to hear appeals from both final orders and interlocutory orders of the bankruptcy court. n1 [HN2] Unlike appealing a final order, however, the party seeking to appeal the interlocutory order must obtain leave of the district court. Both parties agree that the Order is interlocutory in nature. (See Def. Br. at 1; Pls.' Br. at 2.)

---

n1 *28 U.S.C. § 158* [HN3] provides in relevant part:

(a) The district courts of the United States shall have jurisdiction to hear appeals

(1) from final judgments, orders, and decrees; ...

and, with leave of court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under *section 157* of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

[*6]

[HN4] Although *§ 158* fails to indicate the criteria a district court should employ in assessing the appropriateness of an interlocutory appeal, *§ 158(c)(2)* states that "an appeal under *subsections (a)* and *(b)* of this section

Case 1:05-cv-00579-GMS   Document 6-2   Filed 09/23/2005   Page 23 of 24

Page 4

2003 U.S. Dist. LEXIS 23725, *; 51 Collier Bankr. Cas. 2d (MB) 727

shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts ..." *28 U.S.C. § 158(c)*. Accordingly, [HN5] district courts have primarily relied upon the language of *28 U.S.C. § 1292(b)* in considering whether to exercise jurisdiction over an interlocutory appeal from bankruptcy court. See, e.g., *Sterling Supply Corp. v. Mullinax, 154 B.R. 660, 662 (E.D.Pa. 1993)*; *In re Neshaminy Office Bldg. Associates, 81 B.R. 301, 302 (E.D.Pa. 1987)*; *In re Bertoli, 58 B.R. 992, 995 (D.N.J. 1986)*. *Section 1292(b)* [HN6] sets forth the standards appellate courts use in determining the propriety of adjudicating interlocutory appeals from the district courts.

*Section 1292(b)* [HN7] permits the courts of appeals to exercise jurisdiction over non-final orders that involve "a controlling question of law as to which there is substantial [*7] ground for difference of opinion" when "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *28 U.S.C. § 1292(b)*. [HN8] The *§ 1292(b)* factors support the fundamental policy that appellate review should be postponed until after a final judgment is rendered. Therefore, [HN9] only exceptional circumstances warrant the exercise of appellate jurisdiction over an interlocutory appeal. *Coopers & Lybrand v. Livesay, 437 U.S. 463, 475, 98 S. Ct. 2454, 57 L. Ed. 2d 351 (1978)*.

[HN10] A controlling question of law includes at the very least a ruling which, if erroneous, would be reversible error on final appeal. *Katz v. Carte Blanche Corp., 496 F.2d 747, 755 (3d Cir. 1974)* (en banc). The Order in question merely suspends resolution of the adversary proceedings and reserves judgment on outstanding issues because Defendant-Appellant, by filing a civil suit against Plaintiffs and their counsel, created a potential conflict of interest between Plaintiffs and their counsel. Defendant rendered it untenable for Plaintiffs' counsel to continue to represent Plaintiffs in the bankruptcy proceeding, or any proceeding, [*8] while his civil complaint is pending. We believe that this Order, if erroneous, would not lead to reversal after final judgment, as it merely delays the bankruptcy court's adjudication of outstanding issues. Moreover, Defendant has failed to adequately explain, nor can we discern, how there is a substantial ground for difference of opinion regarding the bankruptcy court's Order. The Order is based on a sound application of Pennsylvania Rule of Professional Conduct 1.7(b), which [HN11] prohibits conflicts of interests between lawyers and their clients.

Under this standard, it is clear that an interlocutory appeal in this case is unwarranted and groundless. The Order suspending adversary proceedings and reserving review of Defendant's outstanding motions pending outcome of civil litigation in the district court is purely procedural in nature, and does not involve a controlling question of law as to which there is substantial ground for difference of opinion. Moreover, the Order is the direct result of Defendant's own conduct in commencing a civil proceeding. [HN12] Interlocutory appeals should be permitted sparingly, and this court refuses to characterize the dispute at issue as "exceptional." [*9]

Another possible basis of our appellate jurisdiction is the collateral order doctrine. In *Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S. Ct. 1221, 93 L. Ed. 1528 (1949)*, the Supreme Court held that [HN13] a narrowly defined class of non-final orders, or "collateral orders" would be considered final orders for purposes of *28 U.S.C. § 1291*, and thus would be immediately appealable. *Id. at 546, 69 S. Ct. 1221, 93 L. Ed. 1528*. [HN14] Collateral orders have been considered final orders for purposes of *§ 158(a)* as well. *Matter of Moody, 825 F.2d 81, 87 (5th Cir. 1987)*.

[HN15] The collateral order doctrine applies only to a "small class" of otherwise non-final orders which "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen, 337 U.S. at 546, 69 S. Ct. 1221, 93 L. Ed. 1528*. [HN16] It permits appellate review of orders that "(1) finally resolve a disputed question; (2) raise an important issue distinct [*10] from the merits of the case; and (3) are effectively unreviewable on appeal from a final judgment." *Martin v. Brown, 63 F.3d 1252, 1259 (3d Cir. 1995)*. To invoke this narrow exception to the finality rule, all three prongs must be satisfied. *United States v. Bertoli, 994 F.2d 1002, 1011 (3d Cir. 1993)*.

Resort to the collateral order doctrine as a basis for exercising appellate jurisdiction in this instance is unavailing. First, Defendant-Appellant has not demonstrated that the Order is "conclusive" in satisfaction of the first collateral review requirement. [HN17] An order is conclusive when "no further consideration is contemplated by the district court." Id. (citations omitted). The "conclusiveness prong" excludes review of "tentative, informal or incomplete" decisions. *Swint v. Chambers County Comm'n, 514 U.S. 35, 115 S. Ct. 1203, 131 L. Ed. 2d 60 (1995)* (quoting *Cohen, 337 U.S. at 546, 69 S. Ct. 1221, 93 L. Ed. 1528*). Although the bankruptcy court's Order definitively suspends the bankruptcy proceedings, it is exclusively based on the current status of Defendant's pending civil proceeding. It is thereby subject to [*11] amendment and modification, and will, in fact, be revisited by the bankruptcy judge depending upon what occurs with respect to Defendant's pending civil litigation. Indeed, the Order demands that Defendant file a report outlining the status of his pending civil action by December 31, 2003. At that time the suspen-

Case 1:05-cv-00579-GMS    Document 6-2    Filed 09/23/2005    Page 24 of 24

Page 5

2003 U.S. Dist. LEXIS 23725, *; 51 Collier Bankr. Cas. 2d (MB) 727

sion issue will certainly be reevaluated. Second, Defendant-Appellant cannot demonstrate that the bankruptcy court's Order is "too important to be denied review" in accordance with the second collateral review factor. *Cohen, 337 U.S. at 546, 69 S. Ct. 1221, 93 L. Ed. 1528.* The Order temporarily freezes the status quo. Given its limited scope and temporary nature, it is obvious that deviation from application of the final judgment requirement is not justified. The Order simply does not divest Defendant of any rights, and does not warrant taking exception from the final judgment requirement.

As a result of ordering suspension, the bankruptcy court reserved ruling on Plaintiff's purported violation of the automatic stay and the merits of its own subject matter jurisdiction. Our decision not to exercise jurisdiction over Defendant's interlocutory appeal precludes [*12] us from considering the merits of those claims. Those claims will be adjudicated in the first instance by the bankruptcy court upon resolution of Defendant's federal civil action.

III. CONCLUSION

Defendant will not be denied meaningful appellate review of the substance of his claims merely because he must await review by the bankruptcy court. The Order is a procedural step along the way to adjudication on the merits. This case does not necessitate an immediate appeal. For the foregoing reasons, Defendant's pro-se Emergency Motion For Affirmative Relief from the October 15, 2003 Order entered by the Bankruptcy Court is denied. An appropriate order follows.

**ORDER**

AND NOW, this 29th day of December, 2003, upon consideration of Defendant-Appellant's pro-se Emergency Motion for Affirmative Relief, filed November 25, 2003, and Plaintiffs' Response thereto, it is hereby ORDERED, consistent with the foregoing opinion, that the Emergency Motion for Affirmative Relief is DENIED and DISMISSED as groundless.

BY THE COURT.

Franklin S. Van Antwerpen, U.S.D.J.