## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| INFRASTRUCTURE SERVICE COMPANY, LLC | |
| Debtor. | Bankruptcy Case No. 04-12037 (PJW) |
| | |
| John F. Firestone, Hub Management, Inc., John Firestone Master Limited Partnership, and HMI Group, Inc., | C.A. No. 05-579 (GMS) |
| Appellants, | |
| v. | Adv. Pro. No. 05-51879 (PJW) |
| INFRASTRUCTURE SERVICE COMPANY, LLC, | |
| Appellee. | |

## APPELLEE'S OPENING BRIEF IN SUPPORT OF MOTION TO DISMISS APPEAL

BLANK ROME LLP
Michael D. DeBaecke (DE No. 3186)
1201 N. Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6400

and

RUTAN & TUCKER, LLP
Penelope Parmes
Martin W. Taylor
Matthew Grimshaw
611 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626
(714) 338-1861

Attorneys for Appellee

121241.01600/40156068v.1

## TABLE OF CONTENTS

Page

Table of Authorities ................................................................................................................... ii

NATURE AND STAGE OF THE PROCEEDINGS ...................................................................... 1

SUMMARY OF ARGUMENT ...................................................................................................... 2

STATEMENT OF FACTS ............................................................................................................. 3

      A. General Factual Background ............................................................................................. 3

      B. The Firestone Contract and California Action .................................................................. 3

      C. Entry of Summary Judgment for Plaintiff and Improper Transfers of the Property
         by the Defendants ............................................................................................................. 4

      D. The Adversary Proceeding, Emergency Motion, and Entry of Order ............................... 5

ARGUMENT ................................................................................................................................. 7

      A. The Order is Not a "Final Order" Subject to Immediate Appeal ...................................... 7

      B. The Court Should Decline to Exercise Jurisdiction over the Interlocutory Appeal ........... 9

        1. The appeal should be dismissed because Defendants failed to observe the
           requirements of Bankruptcy Rule 8001(b) ................................................................. 9

        2. Even if Defendants' failure to follow the requirements of Bankruptcy Rule 8001(b)
           is ignored, this Court should decline to exercise jurisdiction over this interlocutory
           appeal ...................................................................................................................... 10

CONCLUSION ............................................................................................................................ 12

i

## TABLE OF AUTHORITIES

**Cases**                                                                                      Page

*Allegheny Intern., Inc. v. Allegheny Ludlum Steel Corp.*, 920 F.2d 1127, 1132 (3d Cir. 1990)..7, 8

*Commerce Bank v. Mountain View Village, Inc.*, 5 F.3d 34, 36-37 (3d Cir. 1993).........................8

*Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)..............................................................11

*Eleazar v. United States*, No. 02-61, 2002 U.S. Dist. LEXIS 8600
(D.N.J. February 11, 2002)..........................................................................................................9, 10

*Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 61 (1982) (*quoting Browder v. Director,
Illinois Dep't of Corr.*, 434 U.S. 257, 264 (1978) ..........................................................................10

*In re Kunkel*, No. 03-mc-239, 2003 U.S. Dist. LEXIS 23725 (E.D. Pa. December 29, 2003)......10

*In re Natale*, 295 F.3d 375 (3d Cir. 2002) ......................................................................................8

*In re White Beauty View, Inc.*, 841 F.2d 524, 526 (3d Cir. 1988) ................................................8, 9

**Statutes and Rules**

28 U.S.C. § 158(a) ..........................................................................................................................7, 9

28 U.S.C. § 158(a)(1)..........................................................................................................................7

28 U.S.C. § 158(a)(3)..........................................................................................................................7

28 U.S.C. . § 1292(b)........................................................................................................................10

Fed. R. Bankr. P. 8001(b) ..................................................................................................................9

Bankruptcy Code §§ 1107, 1108 .......................................................................................................3

Bankruptcy Rule 8001 ...............................................................................................................2, 7, 10

Bankruptcy Rule 8001(b)................................................................................................................9, 10

Bankruptcy Rule 8003 (c) ................................................................................................................10

Cal. Code of Civ. Proc. § 425.16 .......................................................................................................3

## NATURE AND STAGE OF PROCEEDINGS

Appellee Infrastructure Service Company LLC (the "Debtor") filed a petition under chapter 11 of title 11 of the United States Code on July 15, 2004. Bankr. Case No. 04-12037 (PJW). A central issue in its bankruptcy case is whether the Debtor will be authorized to assume and/or assign a certain contract for the purchase of approximately 280 acres of undeveloped real property (the "Property") located in Temecula, California for an aggregate purchase price of approximately $40 million. Under the purchase contract, the Debtor is the purchaser and appellants John F. Firestone and Hub Management, Inc. are the sellers. Appellants have contested with great vigor the Debtor's pending motion to assume and assign the purchase contract.

On June 28, 2005, the Debtor filed a complaint (Adv. Pro. No. 05-51879 (PJW)) in the United States Bankruptcy Court for the District of Delaware against defendants/appellants John F. Firestone, Hub Management, Inc., John Firestone Master Limited Partnership, and HMI Group, Inc. (collectively, the "Defendants"). A few days before the filing of the complaint, the Debtor had learned that the Defendants, on two separate occasions and via four separate deeds (executed on May 28 and June 16, 2005, respectively), had secretly transferred the Property between and among themselves, so that title to the Property was no longer in the name of the contract parties, John Firestone and Hub Management, Inc. By the complaint, the Debtor asserted claims for violation of the automatic stay, declaratory relief, fraudulent conveyance, tortious interference with contract, breach of contract, and injunctive relief.

On June 28, 2005, the Debtor also filed an emergency motion for entry of a temporary restraining order and preliminary injunction seeking to enjoin Defendants from further transferring or encumbering the Property. A hearing was held on June 30, 2005. After

1

considering both the moving papers and Defendants' opposition to the motion (including declarations from each of the four defendants) and hearing argument, the Bankruptcy Court found that based upon the undisputed facts and admissions by Defendants, the aforesaid transfers of the Property constituted clear violations of the automatic stay. On July 7, 2005, the Bankruptcy Court entered an order (the "Order") setting forth its ruling. Defendants filed a notice of appeal on July 15, 2005. Defendants did not seek leave from the Bankruptcy Court or this Court to file an appeal.

## SUMMARY OF ARGUMENT

1.      The appeal should be dismissed because the Order is not a final order subject to immediate appeal as of right.

2.      The appeal is interlocutory and should be dismissed because Defendants have failed to comply with the requirements of Bankruptcy Rule 8001.

3.      Notwithstanding Defendants' failure to comply with Bankruptcy Rule 8001, this Court should refuse to exercise discretionary jurisdiction over the appeal because there are no exceptional circumstances warranting review at this time.

2

## STATEMENT OF FACTS

### A.    General Factual Background

On July 15, 2004 (the "Petition Date"), the Debtor filed a voluntary petition for relief

under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District

of Delaware. Bankr. Case No. 04-12037 (PJW).  The Debtor continues in possession of its assets

and manages its business as a debtor in possession pursuant to §§ 1107 and 1108 of the

Bankruptcy Code.  No official committee of unsecured creditors has been appointed to date.

### B.    The Firestone Contract and California Action

Prior to the Petition Date, on September 4, 2003, the Debtor on the one hand and

defendants John Firestone and HUB Management, Inc. on the other hand entered into an

Amended and Restated Contract of Purchase and Sale (the "Firestone Contract") whereby

Firestone and HUB agreed to sell and the Debtor agreed to purchase the Property for an

aggregate purchase price of approximately $40 million.  Section 11(a) of the Firestone Contract

explicitly prohibits Firestone or HUB from transferring title to the Property.

In December 2003, disputes arose between the parties.  The Debtor sought to protect its

rights under the Firestone Contract by filing a complaint in California state court seeking specific

performance against Firestone and HUB (the "California Action").  Firestone and HUB moved to

dismiss the complaint pursuant to California's Anti-SLAPP statute.[1]  Before the motion to

dismiss was decided and before defendants Firestone and Hub Management took any steps to

terminate the Firestone Contract, the Debtor filed its chapter 11 case.

On October 8, 2004, pursuant to section 365 of the Bankruptcy Code, the Debtor moved

(as amended, the "Assumption Motion") for entry of an order authorizing it to assume the

Firestone Contract and assign it to assignee Ocean Atlantic Temecula, LLC, a California limited

---

[1] "SLAPP" stands for Strategic Lawsuit Against Public Participation. Cal. Code of Civ. Proc. § 425.16.

3

liability company. [Bankr. Dkt. Nos. 101, 124]. Firestone and HUB Management opposed the Assumption Motion by contending, among other things, that the Firestone Contract could not be assumed because it had been terminated prior to the Petition Date. On December 8, 2004, the Bankruptcy Court adjourned the hearing on the Assumption Motion until a ruling could be obtained in the California Action.

## C.    Entry of Summary Judgment for Plaintiff and Improper Transfers of the Property by the Defendants

The California Action was pursued by both sides with great vigor after the December 8, 2004 hearing in Delaware on the Assumption Motion. Motions addressed by the Bankruptcy Court presiding over the California Action[2] included without limitation: (i) Defendants' motion for remand and/or abstention, which motion was denied; (ii) Defendants' Anti-SLAPP motion to dismiss Debtor's complaint, which motion was granted, with leave for the Debtor to file a supplemental complaint seeking declaratory relief with respect to whether the Firestone Contract had terminated prior to the Petition Date; (iii) Defendants' motion to expunge lis pendens, which motion was granted; (iv) Defendants' motion for permission to transfer the Property, which motion was denied. In connection with denial of the Defendants' request to transfer title to related entities allegedly for unspecified estate planning purposes, the California Bankruptcy Court entered a consensual temporary restraining order prohibiting a transfer of the Property until at least May 27, 2005;  and (v) Debtor's motion for summary judgment, summary adjudication of issues, and/or preliminary injunction on the issue of whether the Firestone Contract had been terminated prior to the Petition Date.

---

[2] The Debtor removed the California Action to federal district court shortly after the Petition Date. The United States District Court for the Central District of California referred the California Action to the United States Bankruptcy Court for the Central District of California (Riverside Division) for adjudication. Bankruptcy Judge Meredith Jury presides over the California Action.

4

On May 19, 2005, the California Bankruptcy Court held oral argument on the Plaintiff's motion for summary judgment and the Defendants' opposition thereto, which opposition was treated as a cross-motion for summary judgment. On May 31, 2005, the California Bankruptcy Court issued summary judgment and related findings of fact and conclusions of law in favor of Plaintiff/Debtor, finding without limitation that the Firestone Contract had not been terminated as of the Petition Date. Also on May 31, 2005, the California Bankruptcy Court issued a further temporary restraining order reinstating (until June 15, 2005) the TRO that had expired by its terms on May 27, 2005.

Unbeknownst to the California Bankruptcy Court, the Delaware Bankruptcy Court, and the Debtor, on May 28, 2005 (a Saturday), Firestone and HUB had executed Grant Deeds purporting to transfer their respective interests in the Property to the John Firestone Master Limited Partnership. Those grant deeds were recorded early in the morning of May 31, 2005. On June 16, 2005, again without notice to the California Bankruptcy Court, the Delaware Bankruptcy Court, or the Debtor, title to the Property was again transferred by Defendants, this time to Hub 3, LLC and to HMI Group, Inc., a Texas corporation ("HMI").[3]

### D. The Adversary Proceeding, Emergency Motion, and Entry of Order

Immediately upon learning of the transfers, the Debtor filed a complaint (the "Complaint") in the Delaware Bankruptcy Court asserting several causes of action against the Defendants, including: (i) violation of the automatic stay (Counts One and Two); (ii) declaratory relief (Count Three); (iii) breach of contract (Count Four); (iii) fraudulent conveyance (Counts

---

[3] Firestone and HUB assert that HMI is merely a name change for HUB. Moreover, Hub 3, LLC is yet to be named a party to the adversary proceeding (or to this appeal) because the Debtor did not learn of the apparent involvement of Hub 3 until after the Debtor had filed its Complaint and Emergency Motion.

121241.01600/40156068v.1

Five, Six, Seven, and Eight); and (iv) tortious interference with contract (Count Nine). <u>See</u> Adv. Proc. No. 05-51879 (PJW), Dkt. No. 1. Simultaneously with the filing of the Complaint, Debtor filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (the "Emergency Motion") seeking to enjoin Defendants from further transferring or encumbering the Property. [Adv. Dkt. No. 2]. In addition to declaratory and injunctive relief, the Debtor seeks recovery of actual and punitive damages and such other and further relief as the Bankruptcy Court deems just and proper.

On June 30, 2005, the Delaware Bankruptcy Court held a hearing on the Emergency Motion. At the conclusion of the hearing, based upon the indisputable facts and the admissions of Defendants contained in their opposition to the Emergency Motion and made during the hearing, the Bankruptcy Court found that the transfers of title to the Property constituted clear violations of the automatic stay. The Bankruptcy Court deferred issuing a ruling on an appropriate remedy. <u>See</u> July 7, 2005 Order at ¶¶ 3, 4, 5; June 30, 2005 Tr. at 21-24. The Bankruptcy Court noted that the scope of remedial measures would depend upon whether the Debtor has been or will be injured by the transfers. The Delaware Bankruptcy Court noted that if the unlawful transfers affected in any way the Debtor's ability to assume and assign the Firestone Contract, the transfers would be treated as if they never happened. July 7, 2005 Order at ¶ 5; June 30, 2005 Tr. at 23. Because the automatic stay provisions of section 362 of the Bankruptcy Code already prohibited the challenged conduct, the Bankruptcy Court found that entry of a temporary restraining order was not required. July 7, 2005 Order at ¶ 2.

The remaining claims asserted in the Complaint have not yet been adjudicated. In fact, as of the filing of the appeal on July 15, 2005, the Summons and Complaint had not yet been formally served.

6

121241.01600/40156068v.1

### ARGUMENT

28 U.S.C. §158(a) governs appeals from orders issued by bankruptcy courts. A district court has jurisdiction to hear appeals "from final judgments, orders, and decrees" and "with leave of the court, from other interlocutory orders and decrees" of bankruptcy judges. 28 U.S.C. § 158(a)(1), (a)(3). Jurisdiction over the instant appeal does not lie under 28 U.S.C. § 158(a)(1) because the Order is not a "final order". Likewise, no jurisdiction exists over this interlocutory appeal under 28 U.S.C. § 158(a)(3) because (i) Defendants failed to seek leave to appeal pursuant to Bankruptcy Rule 8001 and (ii) there are no controlling questions of law or "exceptional circumstances" warranting the exercise of discretionary jurisdiction, notwithstanding Defendants' failure to observe the requirements of Bankruptcy Rule 8001. Accordingly, this appeal should be dismissed.

### A.    The Order is Not a "Final Order" Subject to Immediate Appeal.

The Third Circuit has cautioned that appellate considerations unique to bankruptcy proceedings require courts addressing the propriety of an appeal from a bankruptcy court order to "balance a general reluctance to expand traditional interpretations of finality and a desire to effectuate a practical termination of the matter." *Allegheny Intern., Inc. v. Allegheny Ludlum Steel Corp.*, 920 F.2d 1127, 1132 (3d Cir. 1990) (internal citations omitted). In other words, appellate courts take a pragmatic approach in determining whether a bankruptcy court order is a final order subject to appeal.

Factors to consider in the balancing process include "the impact of the disputed issue on the assets of the bankruptcy estate, the necessity for additional fact-finding on a remand, the preclusive effect of this court's decision on the merits of subsequent litigation, and the furtherance of judicial economy." *Allegheny Intern.* at 1132 (concluding that order denying motion to transfer was not final because (a) resolution of appeal would not affect assets in

7

debtor's estate and (b) defendant's pending motion for judgment on pleadings divested bankruptcy court's order of its finality). *See also In re Natale*, 295 F.3d 375 (3d Cir. 2002) (order granting partial summary judgment but not concluding adversary proceeding was not a final order); *Commerce Bank v. Mountain View Village, Inc.*, 5 F.3d 34, 36-37 (3d Cir. 1993) (bankruptcy court order holding rents and leases to be property of the estate was a final order).

The Third Circuit has been equally emphatic in discouraging piecemeal litigation resulting from premature appeals of bankruptcy court orders entered in adversary proceedings. *See In re White Beauty View, Inc.*, 841 F.2d 524, 526 (3d Cir. 1988) (dismissing appeal in bankruptcy adversary proceeding for lack of jurisdiction; noting that "inefficient use of judicial resources is as objectionable in bankruptcy appeals as in other fields"). Following this reasoning, the Third Circuit has held that a bankruptcy court order upholding liability, but leaving damages for subsequent determination, is not a final order. *Id.* at 526 (order in adversary proceeding is not final when it upholds liability but does not fix the amount of damages; courts assessing finality of bankruptcy court order adjudicating specific adversary proceeding should apply same concepts of appealability used in general civil litigation); *Natale*, 295 F.3d at 379-80 (defendant Trust could not have appealed from prior bankruptcy court order granting partial summary judgment until after entry of final order concluding the adversary proceedings).

The Order clearly is not a "final order" subject to appeal as of right. The Summons and Complaint had not even been served when the appeal was filed. Although the Bankruptcy Court determined that the Defendants violated the automatic stay by transferring the Property without obtaining relief from the automatic stay, it has not yet considered all of Plaintiff's claims and requests for relief. A myriad of issues, including claims against the Defendants for breach of contract, fraudulent conveyance, and tortious interference with contract, remain pending before

8

the Bankruptcy Court in the adversary proceeding. Moreover, remedies sought by the Debtor but not yet addressed by the Bankruptcy Court include actual and punitive damages. The adversary proceeding clearly has not been concluded – it has barely begun. The appeal is premature.

Consideration of this appeal clearly will not avoid further proceedings in the Bankruptcy Court and will not promote judicial efficiency. It undoubtedly will lead to piecemeal litigation. If an appeal is considered now, this case will be remanded to the Bankruptcy Court for further proceedings, no matter what the result of the appeal. Moreover, if the Debtor is able to assume the Firestone Contract and close on the transaction, this appeal would be rendered moot. It makes little sense to accept an appeal at this time when so many issues remain open in the adversary proceeding and in the bankruptcy case as a whole. Because the Order is not a final order, the appeal should be dismissed for lack of jurisdiction.

**B.      The Court Should Decline to Exercise Jurisdiction over the Interlocutory Appeal.**

>   **1.      The appeal should be dismissed because Defendants failed to observe the requirements of Bankruptcy Rule 8001(b).**

Bankruptcy Rule 8001(b) requires a party to seek leave to appeal if it seeks to challenge an interlocutory order entered by a bankruptcy judge. Fed. R. Bankr. P. 8001(b) ("An appeal from an interlocutory judgment, order or decree of a bankruptcy judge as permitted by 28 U.S.C. §158(a) shall be taken by filing a notice of appeal...accompanied by a motion for leave to appeal prepared in accordance with Rule 8003...".) (emphasis added). Failure to do so should result in dismissal of the appeal. *White Beauty View*, 841 F.2d at 527; *See Eleazar v. United States*, No. 02-61, 2002 U.S. Dist. LEXIS 8600 (D.N.J. February 11, 2002) (court lacked jurisdiction over appeal because the "requirement of a properly filed, timely notice of appeal is mandatory and jurisdictional."), *citing Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 61 (1982)

9

*(quoting Browder v. Director, Illinois Dep't of Corr.*, 434 U.S. 257, 264 (1978)) (copy of Eleazar attached hereto as Exhibit "A").

It is undisputed that the Defendants failed to file a motion seeking leave to pursue this appeal. As a result, based upon the plain language of Bankruptcy Rule 8001(b), this Court lacks jurisdiction and the appeal should be dismissed.

## 2.     Even if Defendants' failure to follow the requirements of Bankruptcy Rule 8001(b) is ignored, this Court should decline to exercise jurisdiction over this interlocutory appeal.

Even if Defendants' failure to comply with Bankruptcy Rule 8001 is overlooked, this Court should decline to exercise jurisdiction over the instant interlocutory appeal. *See* Bankruptcy Rule 8003(c) (leave to appeal may be granted notwithstanding failure to file motion for leave to appeal).

District courts primarily rely upon the language of 28 U.S.C. § 1292(b) in considering whether to exercise jurisdiction over an interlocutory appeal from a bankruptcy court order. S*ee e.g.*, *In re Kunkel*, No. 03-mc-239, 2003 U.S. Dist. LEXIS 23725 (E.D. Pa. December 29, 2003) (copy attached hereto as Exhibit "B"). Section 1292(b) permits courts of appeal to exercise jurisdiction over non-final orders that involve "a controlling question of law as to which there is substantial ground for difference of opinion" when "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *Kunkel*, 2003 U.S. Dist. LEXIS 23725 at *7. The factors set forth in section 1292(b) promote the fundamental policy that appellate review should be postponed until after a final judgment is rendered. *Kunkel*, 2003 U.S. Dist. LEXIS 23725 at *7. "Only exceptional circumstances warrant the exercise of appellate jurisdiction over an interlocutory order." *Id.*, citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

10

Here, the requisite "exceptional circumstances" necessary for exercising appellate jurisdiction over the interlocutory Order are wholly lacking. First, the Order does not involve "a controlling question of law as to which there is substantial ground for difference of opinion." To the contrary, Defendants ask this Court to review findings by the Bankruptcy Court based upon undisputed and admitted facts. There is no substantial ground for difference of opinion. Defendants, by their own admission, clearly violated the automatic stay.

Moreover, exercising jurisdiction over the appeal would not "materially advance the ultimate termination of the litigation." On the contrary, addressing the piecemeal appeal pursued by Defendants would only serve to delay such a determination. The adversary proceeding has not even left the starting blocks yet. The adversary proceeding will not be terminated, no matter what the result of the appeal. The parties are going back to the Bankruptcy Court to litigate the adversary proceeding. In sum, exercising jurisdiction over the appeal would not materially advance the ultimate termination of the litigation. There are no circumstances, let alone exceptional circumstances, warranting exercise of jurisdiction over the appeal.

11

## CONCLUSION

For the foregoing reasons, Debtor respectfully requests that Defendants' appeal from the

Bankruptcy Court's July 7, 2005 Order be dismissed.

Dated: September 23, 2005          **BLANK ROME LLP**

Michael DeBaecke

Michael D. DeBaecke, Esquire (No. 3186)
Steven L. Caponi, Esquire (No. 3484)
1201 N. Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6400

and

**RUTAN & TUCKER, LLP**
Penelope Parmes
611 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626
Tel:    (714) 338-1861

Attorneys for the Debtor

12