# EXHIBIT A

LEXSEE 2002 U.S. DIST. LEXIS 8600

Roberto Eleazar v. United States

Civil No. 02-61 (JAP) (US DC D.N.J)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

2002 U.S. Dist. LEXIS 8600; 89 A.F.T.R.2d (RIA) 1420

February 11, 2002, Decided

**PRIOR HISTORY:** [*1] Bankr. Adv. No. 99-3992, Ch. 11 Case No. 97-21682 (USBC D.N.J.)

*United States v. Eleazar (In re Eleazar), 271 B.R. 766, 2001 Bankr. LEXIS 1831, Bankr. L. Rep. (CCH) P 78616 (Bankr. D.N.J., Dec. 12, 2001)*

**DISPOSITION:** Appellee's motion to dismiss appeal was granted and appellant's appeal was dismissed.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Appellant debtor appealed an U.S. Bankruptcy Court's order, from an adversary proceeding, which granted in part and denied in part the government's motion for summary judgment. The government moved to dismiss the appeal for lack of appellate jurisdiction.

**OVERVIEW:** *Fed. R. Bankr. P. 8001(b)* required the debtor to move for leave to appeal if seeking to challenge a nonappealable, interlocutory order. The debtor failed to so move, and thus filed improperly his notice of appeal. The court thus had no jurisdiction to act because the requirement of a properly filed, timely notice of appeal was mandatory and jurisdictional. Accordingly, the court found that it lacked jurisdiction over the appeal pending in this matter, since the order was not final, and the debtor did not seek leave to appeal as required under *Fed. R. Bankr. P. 8001(b)*.

**OUTCOME:** The government's motion to dismiss the appeal was granted, and the debtor's appeal was dismissed without prejudice.

**LexisNexis(R) Headnotes**

*Bankruptcy Law > Practice & Proceedings > Appeals*
*Civil Procedure > Appeals > Appellate Jurisdiction > Final Judgment Rule*
*Civil Procedure > Jurisdiction > Jurisdictional Sources*
[HN1] A district court has jurisdiction over an appeal in a bankruptcy case where it reviews a final judgment, *28 U.S.C.S. § 158*(d), or where it grants leave to consider an interlocutory order, *28 U.S.C.S. § 158*(a). *Fed. R. Bankr. P. 8001(b)* requires a party to move for leave to appeal if seeking to challenge a nonappealable, interlocutory order. A premature notice of appeal shall have no effect; a new notice of appeal must be filed. In short, it is as if no notice of appeal were filed at all. The requirement of a properly filed, timely notice of appeal is mandatory and jurisdictional.

**COUNSEL:** For ROBERTO S. ELEAZAR, appellant: JEFFREY A. COOPER, ESQ., CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN, ROSELAND, NJ.

For UNITED STATES OF AMERICA, appellee: CHARLES M. FLESCH, US DEPARTMENT OF JUSTICE TRIAL ATTORNEY TAX DIVISION, WASHINGTON, DC.

**JUDGES:** Joel A. Pisano, U.S.D.J.

**OPINIONBY:** Joel A. Pisano

**OPINION:**
LETTER ORDER ORIGINAL FILED WITH THE CLERK OF THE COURT

To: All parties

Re: Roberto Eleazar v. United States
Civil No. 02-61 (JAP) (USDC D.N.J)
Bankr. Adv. No. 99-3992
Ch. 11 Case No. 97-21682 (USBC D.N.J.)

Case 1:05-cv-00579-GMS   Document 7-2   Filed 09/26/2005   Page 3 of 3

Page 2
2002 U.S. Dist. LEXIS 8600, *; 89 A.F.T.R.2d (RIA) 1420

Dear Parties:

Before the Court is the United States' motion to dismiss the appeal filed in the above matter for lack of appellate jurisdiction. Debtor/Appellant Roberto Eleazar ("Eleazar") has appealed an U.S. Bankruptcy Court's order dated December 12, 2001, from an adversary proceeding captioned *United States v. Eleazar*, which granted in part and denied in part the United States' motion For summary judgment. Specifically, the Bankruptcy Court's December 12, 2001 order did not grant [*2] any judgment as to any party on the issue raised in Count I of Eleazar's counterclaim, in which he seeks a declaratory judgment that the assessed penalties are dischargeable and not secured under *11 U.S.C. § 523*(a)(7)(B) (Exhibit attached to Declaration of Charles M. Flesch). Thus, that judgement was not final, yet Eleazar never, as required, sought leave to appeal from that interlocutory order. Eleazar now consents to a dismissal of the appeal because the court's December 12, 2001 order was not final, but conditions his consent upon the Court's finding that "the appeal is not yet final and accordingly, the Bankruptcy Appeal is dismissed without prejudice." (Letter from Jeffrey A. Cooper, Esq., dated January 29, 2002.) The United States, in response, objects to what Eleazar's conditional dismissal, contending that Eleazar's proposal order and it's language "is contrary to building Supreme Court precedent and the applicable Bankruptcy Rules of Appellate Procedure." (Letter from Charles M. Flesch, Esq., dated February 4, 2002.). Essentially, the parties consent to relief, but dispute the form of the dismissal order than the Court shall enter.

[HN1] A district court [*3] has jurisdiction over an appeal in a bankruptcy case where it reviews a "final" judgment, *28 U.S.C. § 158*(d), or where it grants "leave" to consider an interlocutory order, *28 U.S.C. § 158*(a). Bankruptcy Rule 8001(b) requires a party to move for leave to appeal if seeking to challenge a nonappealable, interlocutory order. Appellant Eleazar failed to so move, and thus filed improperly his notice of appeal. "[A] premature notice of appeal 'shall have no effect'; a new notice of appeal 'must be filed.' In short, it is as if no notice of appeal were filed at all." *Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 61, 74 L. Ed. 2d 225, 103 S. Ct. 400 (1982)* (quotations omitted). The Court thus has no jurisdiction to act because the requirement of a properly filed, timely notice of appeal is 'mandatory and jurisdictional.' *Id.* (quoting *Browder v. Director, Illinois Dep't of Corr., 434 U.S. 257, 264, 54 L. Ed. 2d 521, 98 S. Ct. 556 (1978))*.

Accordingly, the Court finds that it lacks jurisdiction over the appeal pending in this matter since the December 12, 2001 order is not final, and Eleazar did not [*4] seek leave to appeal as required under Bankruptcy Rule 8001(b). The United States' motion to dismiss the appeal is GRANTED, and Eleazar's appeal is hereby DISMISSED. See *Associate Fin., Inc., v. Amann, 57 B.R. 379, 380* (noting that "the dismissal is without prejudice to a future appeal from a final order of the Bankruptcy Court.")

So ordered. This case is closed.

Feb. 11, 2002
Date

Joel A. Pisano, U.S.D.J.