# EXHIBIT B

LEXSEE 2003 U.S. DIST. LEXIS 23725

IN RE: DALE D. KUNKEL, Debtor; EUGENE S. JASIN, et al, Plaintiffs, v. DALE D. KUNKEL, Defendant.

Case No. 03-mc-236

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

2003 U.S. Dist. LEXIS 23725; 51 Collier Bankr. Cas. 2d (MB) 727

December 29, 2003, Decided

**DISPOSITION:** [*1] Emergency motion for affirmative relief denied. Court declined to permit interlocutory appeal.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant debtor sought leave, pursuant to 28 U.S.C.S. § 158, to appeal an order of the United States Bankruptcy Court for the Eastern District of Pennsylvania, which suspended plaintiff individuals' adversary proceedings against the debtor pending resolution of civil litigation instituted by the debtor against the individuals and their lawyers in federal court.

**OVERVIEW:** The individuals commenced a state court action against the debtor. The action was stayed following the debtor's Chapter 7 bankruptcy petition. The individuals filed an adversary complaint against the debtor in the bankruptcy court. The debtor filed a complaint against the individuals and their attorneys. As a result of the conflicts of interest created between the individuals and their lawyers by the debtor's federal action, the bankruptcy court suspended the adversary proceeding pending resolution of the debtor's civil action. The court declined to grant leave to permit the debtor's interlocutory appeal of the suspension order because the order, if erroneous, would not have led to reversal after final judgment, as it merely delayed the bankruptcy court's adjudication of outstanding issues. There also was no substantial ground for difference of opinion regarding the order, since was it was based on a sound application of Pa. R. Prof. Cond. 1.7(b), which prohibited conflicts of interest between lawyers and their clients. Jurisdiction under the collateral order doctrine was not appropriate because the order was not conclusive and it was not too important to be denied review.

**OUTCOME:** The court declined to grant leave to permit the debtor's interlocutory appeal.

**LexisNexis(R) Headnotes**

*Bankruptcy Law > Practice & Proceedings > Appeals*
[HN1] Pursuant to 28 U.S.C.S. § 158(a), a district court has jurisdiction to hear appeals from both final orders and interlocutory orders of the bankruptcy court.

*Bankruptcy Law > Practice & Proceedings > Appeals*
[HN2] Unlike appealing a final order, the party seeking to appeal the interlocutory order must obtain leave of the district court.

*Bankruptcy Law > Practice & Proceedings > Appeals*
[HN3] See 28 U.S.C.S. § 158.

*Bankruptcy Law > Practice & Proceedings > Appeals*
*Civil Procedure > Appeals > Appellate Jurisdiction > Interlocutory Orders*
[HN4] Although 28 U.S.C.S. § 158 fails to indicate the criteria a district court should employ in assessing the appropriateness of an interlocutory appeal, 28 U.S.C.S. § 158(c)(2) states that an appeal under 28 U.S.C.S. § 158(a) and (b) shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts. 28 U.S.C.S. § 158(c).

*Bankruptcy Law > Practice & Proceedings > Appeals*
*Civil Procedure > Appeals > Appellate Jurisdiction > Interlocutory Orders*
[HN5] District courts have primarily relied upon the language of 28 U.S.C.S. § 1292(b) in considering whether to exercise jurisdiction over an interlocutory appeal from bankruptcy court.

Case 1:05-cv-00579-GMS   Document 7-3   Filed 09/26/2005   Page 3 of 6

Page 2
2003 U.S. Dist. LEXIS 23725, *; 51 Collier Bankr. Cas. 2d (MB) 727

*Civil Procedure > Appeals > Appellate Jurisdiction > Interlocutory Orders*
[HN6] 28 U.S.C.S. § 1292(b) sets forth the standards appellate courts use in determining the propriety of adjudicating interlocutory appeals from the district courts.

*Civil Procedure > Appeals > Appellate Jurisdiction > Interlocutory Orders*
[HN7] 28 U.S.C.S. § 1292(b) permits the courts of appeals to exercise jurisdiction over non-final orders that involve a controlling question of law as to which there is substantial ground for difference of opinion when an immediate appeal from the order may materially advance the ultimate termination of the litigation.

*Civil Procedure > Appeals > Appellate Jurisdiction > Interlocutory Orders*
[HN8] The 28 U.S.C.S. § 1292(b) factors support the fundamental policy that appellate review should be postponed until after a final judgment is rendered.

*Civil Procedure > Appeals > Appellate Jurisdiction > Interlocutory Orders*
[HN9] Only exceptional circumstances warrant the exercise of appellate jurisdiction over an interlocutory order.

*Civil Procedure > Appeals > Appellate Jurisdiction > Interlocutory Orders*
[HN10] A controlling question of law includes at the very least a ruling which, if erroneous, would be reversible error on final appeal.

*Legal Ethics > Client Relations > Conflicts of Interest*
[HN11] Pa. R. Prof. Cond. 1.7(b) prohibits conflicts of interests between lawyers and their clients.

*Civil Procedure > Appeals > Appellate Jurisdiction > Interlocutory Orders*
[HN12] Interlocutory appeals should be permitted sparingly.

*Civil Procedure > Appeals > Appellate Jurisdiction > Collateral Order Doctrine*
[HN13] A narrowly defined class of non-final orders, or "collateral orders" would be considered final orders for purposes of 28 U.S.C.S. § 1291, and thus would be immediately appealable.

*Bankruptcy Law > Practice & Proceedings > Appeals*
*Civil Procedure > Appeals > Appellate Jurisdiction > Collateral Order Doctrine*
[HN14] Collateral orders have been considered final orders for purposes of 28 U.S.C.S. § 158(a).

*Civil Procedure > Appeals > Appellate Jurisdiction > Collateral Order Doctrine*
[HN15] The collateral order doctrine applies only to a small class of otherwise non-final orders which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

*Civil Procedure > Appeals > Appellate Jurisdiction > Collateral Order Doctrine*
[HN16] The collateral order doctrine permits appellate review of orders that: (1) finally resolve a disputed question; (2) raise an important issue distinct from the merits of the case; and (3) are effectively unreviewable on appeal from a final judgment. To invoke this narrow exception to the finality rule, all three prongs must be satisfied.

*Civil Procedure > Appeals > Appellate Jurisdiction > Collateral Order Doctrine*
[HN17] An order is conclusive when no further consideration is contemplated by the district court. The "conclusiveness prong" of the collateral order doctrine excludes review of tentative, informal or incomplete decisions.

COUNSEL: For EUGENE JASIN, S., Plaintiff: STEPHEN J. PALOPOLI, III, LEAD ATTORNEY, LAW OFFICES OF STEPHEN J. PALOPOLI, III, ALLENTOWN, PA.

JUDGES: Franklin S. Van Antwerpen, U.S.D.J.

OPINIONBY: Franklin S. Van Antwerpen

OPINION:

MEMORANDUM AND ORDER
Van Antwerpen, J.

The instant appeal stems from the Chapter 7 bankruptcy proceedings of Dale D. Kunkel, debtor. Presently before this Court is the pro-se appeal of Defendant-Appellant Kunkel from an Order of the United States Bankruptcy Court for the Eastern District of Pennsylvania dated October 15, 2003, ("Order") in which the bankruptcy court (1) suspended the adversary proceedings pending resolution of civil litigation instituted by Defendant against Plaintiffs and their lawyers in the United States District Court for the Eastern District of Pennsylvania; and (2) reserved ruling on outstanding motions pending resolution of the civil proceedings in light of the decision to suspend. For the following reasons, this Court declines to grant leave to permit the interlocutory appeal.

Case 1:05-cv-00579-GMS    Document 7-3    Filed 09/26/2005    Page 4 of 6

Page 3

2003 U.S. Dist. LEXIS 23725, *; 51 Collier Bankr. Cas. 2d (MB) 727

## I. BACKGROUND

The [*2] United States Bankruptcy Court for the Eastern District of Pennsylvania issued the Order in question on October 15, 2003. The Order ultimately derives from a series of actions filed by the parties against one another in bankruptcy court, state court, and federal district court.

On February 1, 2001, Plaintiffs commenced an action alleging various tort and contract claims against Defendant in the Lehigh County Court of Common Pleas. Defendant thereafter effected the automatic stay provision of *11 U.S.C. § 362* by filing a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the Eastern District of Pennsylvania on November 19, 2001. All pre-petition litigation was subsequently stayed. In March 2002, however, Plaintiffs filed an Adversary Complaint against Defendant in the bankruptcy court requesting that claims asserted against Defendant be deemed non-dischargeable and be excepted from any discharge orders entered pursuant to *11 U.S.C. § 523*. In response, Defendant filed a series of pro-se motions, including, *inter alia,* (1) a motion to dismiss the Adversary Complaint that was subsequently denied by the bankruptcy court [*3] on July 10, 2002; (2) an answer to the Adversary Complaint which included a challenge to the bankruptcy court's subject matter jurisdiction; (3) a motion applying for an order to show cause, filed June 5, 2003, arguing that Plaintiffs violated the automatic stay provision of *11 U.S.C. § 362* by filing the Adversary Complaint; and (4) a motion for sanctions, filed July 13, 2003, charging Plaintiffs with failure to comply with the bankruptcy court's discovery order dated May 30, 2003. Furthermore, on May 28, 2003, Defendant filed a complaint against Plaintiffs and Plaintiffs' lawyers in the United States District Court for the Eastern District of Pennsylvania. The complaint alleged, *inter alia,* various RICO violations.

As a result of the conflicts of interest created between Plaintiffs and their lawyers by Defendant's federal civil action, Plaintiffs filed a motion to suspend the adversary proceedings in the bankruptcy court on June 9, 2003. The bankruptcy court, in an Order dated October 15, 2003, granted the motion to suspend the adversary proceedings pending resolution of Defendant's civil action. The Order also reserved ruling on Defendant's motion for [*4] an order to show cause and motion for sanctions pending resolution of Defendant's federal civil action in light of the decision to suspend the adversary proceedings. Defendant appeals from this Order.

In addition to challenging the aforementioned Order, Defendant brings to this Court's attention various other claims. First, he seeks to have this Court dismiss Plaintiff's Adversary Complaint as being brought in willful violation of *11 U.S.C. § 362*. Second, he seeks dismissal of the same complaint as falling outside the scope of the bankruptcy court's subject matter jurisdiction. Third, he alleges that Plaintiffs conspired to deprive him of civil rights in violation of *18 U.S.C. §§ 241 and 242*. Next, he charges Plaintiffs with making a false claim in violation of *18 U.S.C. § 152(4)*, and with bankruptcy fraud pursuant to *18 U.S.C. § 157*. Finally, Defendant submits to this Court an emergency motion for Preliminary Injunction under *17 U.S.C. § 502*.

## II. DISCUSSION

This pro-se appeal challenges the bankruptcy court's decision to suspend the adversary proceedings. Defendant's [*5] other claims for deprivation of civil rights, assertion of false and fraudulent claims, and preliminary injunctive relief are beyond the scope of the appeal, and we will accordingly not entertain them at this juncture. Thus, we shall consider only whether we should exercise jurisdiction to entertain Defendant's appeal from the Order, and if so, the merits of that appeal.

[HN1] Pursuant to *28 U.S.C. § 158(a)*, a district court has jurisdiction to hear appeals from both final orders and interlocutory orders of the bankruptcy court. n1 [HN2] Unlike appealing a final order, however, the party seeking to appeal the interlocutory order must obtain leave of the district court. Both parties agree that the Order is interlocutory in nature. (See Def. Br. at 1; Pls.' Br. at 2.)

> n1 *28 U.S.C. § 158* [HN3] provides in relevant part:
>
> (a) The district courts of the United States shall have jurisdiction to hear appeals
>
> (1) from final judgments, orders, and decrees; ...
>
> and, with leave of court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under *section 157* of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

[*6]

[HN4] Although *§ 158* fails to indicate the criteria a district court should employ in assessing the appropriateness of an interlocutory appeal, *§ 158(c)(2)* states that "an appeal under *subsections (a) and (b)* of this section

Case 1:05-cv-00579-GMS    Document 7-3    Filed 09/26/2005    Page 5 of 6

Page 4
2003 U.S. Dist. LEXIS 23725, \*; 51 Collier Bankr. Cas. 2d (MB) 727

shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts ..." 28 U.S.C. § 158(c). Accordingly, [HN5] district courts have primarily relied upon the language of 28 U.S.C. § 1292(b) in considering whether to exercise jurisdiction over an interlocutory appeal from bankruptcy court. See, e.g., *Sterling Supply Corp. v. Mullinax*, 154 B.R. 660, 662 (E.D.Pa. 1993); *In re Neshaminy Office Bldg. Associates*, 81 B.R. 301, 302 (E.D.Pa. 1987); *In re Bertoli*, 58 B.R. 992, 995 (D.N.J. 1986). Section 1292(b) [HN6] sets forth the standards appellate courts use in determining the propriety of adjudicating interlocutory appeals from the district courts.

Section 1292(b) [HN7] permits the courts of appeals to exercise jurisdiction over non-final orders that involve "a controlling question of law as to which there is substantial [\*7] ground for difference of opinion" when "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). [HN8] The § 1292(b) factors support the fundamental policy that appellate review should be postponed until after a final judgment is rendered. Therefore, [HN9] only exceptional circumstances warrant the exercise of appellate jurisdiction over an interlocutory order. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S. Ct. 2454, 57 L. Ed. 2d 351 (1978).

[HN10] A controlling question of law includes at the very least a ruling which, if erroneous, would be reversible error on final appeal. *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974) (en banc). The Order in question merely suspends resolution of the adversary proceedings and reserves judgment on outstanding issues because Defendant-Appellant, by filing a civil suit against Plaintiffs and their counsel, created a potential conflict of interest between Plaintiffs and their counsel. Defendant rendered it untenable for Plaintiffs' counsel to continue to represent Plaintiffs in the bankruptcy proceeding, or any proceeding, [\*8] while his civil complaint is pending. We believe that this Order, if erroneous, would not lead to reversal after final judgment, as it merely delays the bankruptcy court's adjudication of outstanding issues. Moreover, Defendant has failed to adequately explain, nor can we discern, how there is a substantial ground for difference of opinion regarding the bankruptcy court's Order. The Order is based on a sound application of Pennsylvania Rule of Professional Conduct 1.7(b), which [HN11] prohibits conflicts of interests between lawyers and their clients.

Under this standard, it is clear that an interlocutory appeal in this case is unwarranted and groundless. The Order suspending adversary proceedings and reserving review of Defendant's outstanding motions pending outcome of civil litigation in the district court is purely procedural in nature, and does not involve a controlling question of law as to which there is substantial ground for difference of opinion. Moreover, the Order is the direct result of Defendant's own conduct in commencing a civil proceeding. [HN12] Interlocutory appeals should be permitted sparingly, and this court refuses to characterize the dispute at issue as "exceptional." [\*9]

Another possible basis of our appellate jurisdiction is the collateral order doctrine. In *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S. Ct. 1221, 93 L. Ed. 1528 (1949), the Supreme Court held that [HN13] a narrowly defined class of non-final orders, or "collateral orders" would be considered final orders for purposes of 28 U.S.C. § 1291, and thus would be immediately appealable. *Id.* at 546, 69 S. Ct. 1221, 93 L. Ed. 1528. [HN14] Collateral orders have been considered final orders for purposes of § 158(a) as well. *Matter of Moody*, 825 F.2d 81, 87 (5th Cir. 1987).

[HN15] The collateral order doctrine applies only to a "small class" of otherwise non-final orders which "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen*, 337 U.S. at 546, 69 S. Ct. 1221, 93 L. Ed. 1528. [HN16] It permits appellate review of orders that "(1) finally resolve a disputed question; (2) raise an important issue distinct [\*10] from the merits of the case; and (3) are effectively unreviewable on appeal from a final judgment." *Martin v. Brown*, 63 F.3d 1252, 1259 (3d Cir. 1995). To invoke this narrow exception to the finality rule, all three prongs must be satisfied. *United States v. Bertoli*, 994 F.2d 1002, 1011 (3d Cir. 1993).

Resort to the collateral order doctrine as a basis for exercising appellate jurisdiction in this instance is unavailing. First, Defendant-Appellant has not demonstrated that the Order is "conclusive" in satisfaction of the first collateral review requirement. [HN17] An order is conclusive when "no further consideration is contemplated by the district court." *Id.* (citations omitted). The "conclusiveness prong" excludes review of "tentative, informal or incomplete" decisions. *Swint v. Chambers County Comm'n*, 514 U.S. 35, 115 S. Ct. 1203, 131 L. Ed. 2d 60 (1995) (quoting *Cohen*, 337 U.S. at 546, 69 S. Ct. 1221, 93 L. Ed. 1528). Although the bankruptcy court's Order definitively suspends the bankruptcy proceedings, it is exclusively based on the current status of Defendant's pending civil proceeding. It is thereby subject to [\*11] amendment and modification, and will, in fact, be revisited by the bankruptcy judge depending upon what occurs with respect to Defendant's pending civil litigation. Indeed, the Order demands that Defendant file a report outlining the status of his pending civil action by December 31, 2003. At that time the suspen-

Case 1:05-cv-00579-GMS    Document 7-3    Filed 09/26/2005    Page 6 of 6

Page 5

2003 U.S. Dist. LEXIS 23725, *; 51 Collier Bankr. Cas. 2d (MB) 727

sion issue will certainly be reevaluated. Second, Defendant-Appellant cannot demonstrate that the bankruptcy court's Order is "too important to be denied review" in accordance with the second collateral review factor. *Cohen, 337 U.S. at 546, 69 S. Ct. 1221, 93 L. Ed. 1528*. The Order temporarily freezes the status quo. Given its limited scope and temporary nature, it is obvious that deviation from application of the final judgment requirement is not justified. The Order simply does not divest Defendant of any rights, and does not warrant taking exception from the final judgment requirement.

As a result of ordering suspension, the bankruptcy court reserved ruling on Plaintiff's purported violation of the automatic stay and the merits of its own subject matter jurisdiction. Our decision not to exercise jurisdiction over Defendant's interlocutory appeal precludes [*12] us from considering the merits of those claims. Those claims will be adjudicated in the first instance by the bankruptcy court upon resolution of Defendant's federal civil action.

III. CONCLUSION

Defendant will not be denied meaningful appellate review of the substance of his claims merely because he must await review by the bankruptcy court. The Order is a procedural step along the way to adjudication on the merits. This case does not necessitate an immediate appeal. For the foregoing reasons, Defendant's pro-se Emergency Motion For Affirmative Relief from the October 15, 2003 Order entered by the Bankruptcy Court is denied. An appropriate order follows.

**ORDER**

AND NOW, this 29th day of December, 2003, upon consideration of Defendant-Appellant's pro-se Emergency Motion for Affirmative Relief, filed November 25, 2003, and Plaintiffs' Response thereto, it is hereby ORDERED, consistent with the foregoing opinion, that the Emergency Motion for Affirmative Relief is DENIED and DISMISSED as groundless.

BY THE COURT.

Franklin S. Van Antwerpen, U.S.D.J.