IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>INFRASTRUCTURE SERVICE COMPANY, LLC<br><br>　　　　　　　　Debtor. | Chapter 11<br><br><br><br>Bankruptcy Case No. 04-12037 (PJW) |
| John F. Firestone, Hub Management, Inc., John Firestone Master Limited Partnership, and HMI Group, Inc.,<br><br>　　　　　　　　Appellants,<br>v.<br><br>INFRASTRUCTURE SERVICE COMPANY, LLC,<br><br>　　　　　　　　Appellee. | <br><br><br>C.A. No. 05-579 (GMS)<br><br><br>Adv. Pro. No. 05-51879 (PJW) |

## APPELLEE'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS APPEAL

BLANK ROME LLP
Michael D. DeBaecke (DE No. 3186)
1201 N. Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6400

and

RUTAN & TUCKER, LLP
Penelope Parmes
611 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626
(714) 338-1861

Attorneys for Appellee/Debtor

121241.01600/40158154v.2

## **TABLE OF CONTENTS**

ARGUMENT..............................................................................................................1

    I.    THE ORDER IS NEITHER A FINAL ORDER NOR APPEALABLE AS OF RIGHT PURSUANT TO 28 U.S.C. §1292(a)..............................................................1

    II.    THIS COURT SHOULD EXERCISE ITS DISCRETION AND DENY LEAVE TO APPEAL. .............................................................................................2

CONCLUSION..........................................................................................................7

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Commerce Bank v. Mountain View Village*,
 5 F.3d 34 (3d Cir. 1993)..................................................................................................5

*In re White Beauty View, Inc.*,
 841 F.2d 524 (3d Cir. 1988)............................................................................................6

## FEDERAL STATUTES

28 U.S.C. §1291..........................................................................................................................1

28 U.S.C. §1292....................................................................................................................1,2,3

28 U.S.C. §158(a)(1)....................................................................................................................1

## BANKRUPTCY RULES

Fed. R. Bankr. P. 8001(b) .......................................................................................................2,3

Fed. R. Bankr. P. 8003(c) ..........................................................................................................3

This is the appellee/Debtor's[1] reply brief in response to the appellants/Defendants' answering brief and in further support of the Debtor's pending motion to dismiss appeal.

## ARGUMENT

### I. THE ORDER IS NEITHER A FINAL ORDER NOR APPEALABLE AS OF RIGHT PURSUANT TO 28 U.S.C. §1292(A).

In their answering brief, Defendants concede the Order is not a final order appealable as of right pursuant to 28 U.S.C. §158(a)(1) ("The district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees…of bankruptcy judges …".)[2] Instead, Defendants assert that the Order, although interlocutory in nature, is appealable as of right under 28 U.S.C. §1292(a) because the Bankruptcy Court allegedly issued a permanent injunction. (Answering Brief at 2, 3-4)  Defendants are wrong.

Defendants cite paragraph 2 of the Order in sole support of their assertion that the Bankruptcy Court issued a permanent injunction. The Bankruptcy Court did nothing of the sort. Paragraph 2 of the Order reads in its entirety as follows:

> Entry of a temporary restraining order is unnecessary because the automatic stay provisions of section 362 of the Bankruptcy Code already provide the Debtor with the relief sought by the Emergency Motion. Defendants are prohibited from transferring title to the Property until further order of this Court.

*See also* June 30 transcript at 21-22 ("Because the debtor was given rights in that contract and if at the end of the day the debtor is successful in assuming and assigning this contract, and if these transfers in any fashion are found to interfere with the debtor's rights in that regard, I will declare

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Debtor's Opening Brief in Support of its Motion to Dismiss Appeal.

[2] There is not a single mention of 28 U.S.C. §158(a)(1) in Defendants' answering brief. Nor do Defendants attempt to rely upon 28 U.S.C. §1291 ("The courts of appeals (other than the United States Court of Appeals for the

these transfers void ab initio.") (relevant portions of the June 30 Transcript are attached hereto as Exhibit "A")

Clearly, the Bankruptcy Court did not issue a permanent injunction before the complaint had been formally served, before an answer to the complaint was on file, and before a final hearing on the merits of the complaint has been held. The Order, by its plain terms, does not grant a preliminary or permanent injunction. In fact, the Bankruptcy Court <u>denied</u> the Emergency Motion, which sought entry of a temporary restraining order and preliminary injunction. (June 30 Tr. at 22 ("I don't think the debtor needs a TRO…If, at the end of the day, they are injured by this transaction, the transaction is void ab initio.")). The Bankruptcy Court held, based upon the uncontested facts and the admissions by Defendants and their counsel, that the automatic stay provisions of section 362 of the Bankruptcy Code already prohibited the multiple transfers of the Property effectuated by the Defendants in late May and mid-June. Moreover, the Bankruptcy Court did not disturb the improper transfers at the time of entry of the Order.

Because the Bankruptcy Court did not grant injunctive relief, the interlocutory Order is not appealable as of right pursuant to 28 U.S.C. §1292(a). The interlocutory appeal should be dismissed for lack of jurisdiction.

II.     **THIS COURT SHOULD EXERCISE ITS DISCRETION AND DENY LEAVE TO APPEAL.**

Defendants concede, as they must, that they failed to comply with the requirements of Bankruptcy Rule 8001(b) for taking an appeal of an interlocutory order. (Answering Brief at 4-5). Thus, Defendants are left with a plea for this Court to exercise its discretion under

---

Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States…".)

121241.01600/40158154v.2                          2

Bankruptcy Rule 8003(c) to save their procedurally defective appeal. This Court should exercise its discretion and deny leave to appeal.[3]

Bankruptcy Rule 8003(c) provides this Court with discretion to either grant or deny leave to appeal when an appellant has failed to observe the procedural requirements of Bankruptcy Rule 8001(b). As described in the Debtor's opening brief, district courts have been guided by the language of 28 U.S.C. §1292(b) in evaluating whether to grant leave to appeal an interlocutory order entered by a bankruptcy judge. Section 1292(b) provides in pertinent part:

> "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order <u>involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation</u>, he shall so state in writing in such order." (Emphasis added).

Defendants take several positions in arguing that the above standards are met by the instant appeal.[4] None of their arguments withstand scrutiny. First, they seek to bootstrap their position that the Bankruptcy Court improperly entered a preliminary or permanent injunction into a reason why this Court should exercise its discretion to hear the appeal under Bankruptcy Rule 8003(c). (Answering Brief at 6-9) As shown above, Defendants' underlying premise is wrong (no preliminary or permanent injunction was granted), therefore their argument under Bankruptcy Rule 8003(c) should be rejected.

---

[3] Defendants, for reasons that remain unclear, allege that "the Debtor entirely ignores Bankruptcy Rule 8003(c), which states that 'if a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court or bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed.'" (Answering Brief at 5). A simple review of the Debtor's opening brief demonstrates that the Debtor has not ignored Bankruptcy Rule 8003(c). Section B(2) of the opening brief is devoted entirely to an explanation of why this Court should deny leave to appeal in its discretion pursuant to Bankruptcy Rule 8003(c). (Opening Brief at 10-11)

[4] In their answering brief at pages 6-10, Defendants alternate arguments, from paragraph to paragraph, that leave to appeal should be granted because the Bankruptcy Court improperly issued a permanent injunction, preliminary injunction, or summary judgment.

Second, they argue that this Court should hear the appeal because the Bankruptcy Court, without affording Defendants appropriate notice of its intent to do so, allegedly improperly issued summary judgment sua sponte in favor of the Debtor. (Answering Brief at 7-8) This argument should be rejected because the Order, by its plain terms, does not grant summary judgment in favor of the Debtor.

Third, Defendants continue to mischaracterize what the Bankruptcy Court did and did not do. The Bankruptcy Court did not issue a permanent or preliminary injunction. The Bankruptcy Court did not issue summary judgment. By the Order, the Bankruptcy Court merely confirmed what should have been obvious to Defendants: the automatic stay, in place since the Petition Date, prohibited their admitted conduct absent entry of an order granting them relief from the automatic stay.[5] The Order was issued because Defendants refused (and apparently continue to refuse) to recognize the applicability of the automatic stay.

Defendants also fail to discuss what the Bankruptcy Court has not done yet. The Bankruptcy Court has not ruled on the multiple counts of the Complaint, nor has it considered an award of damages. Moreover, the Bankruptcy Court did not declare the unlawful transfers immediately void. Instead, the Bankruptcy Court found that

> If the above unlawful transfers of title to the Property affect in any way the Debtor or the Debtor's attempts to assume and/or assign the Firestone Contract, such transfers are hereby declared void ab initio. Such transfers shall have no force and effect, and title to the Property will be deemed to be held by John Firestone and Hub Management, Inc. at all times and in the same manner and with the same property interests that existed as of the filing of this chapter 11 case.

(Order at ¶5; see also June 30 Tr. at 21-22, 24 ("That if at the end of the day the debtor has rights that have been in any way infringed, these transfers did not happen.")).

---

[5] Defendants clearly knew how to move for relief from the automatic stay but chose not to prior to effectuating the challenged transfers. In the bankruptcy case, the Defendants had moved for relief from the automatic stay on three separate occasions.

In essence, the Bankruptcy Court has left the parties (and the Property) where they are pending further consideration of the Complaint and, perhaps more importantly, pending further proceedings in the California Action and on the Debtor's pending Motion to Assume and Assign the Firestone Contract. Upon information and belief, legal title to the Property remains in the names of the transferees of the Property. Notwithstanding the Defendants' attempts to suggest otherwise, there have been no final rulings issued by the Bankruptcy Court on the relief sought by the Complaint or on any defenses Defendants will seek to raise in response thereto.[6] Defendants can point to no harm they have suffered as a result of entry of the interlocutory Order. The appeal is premature.

Fourth, Defendants make vague, conclusory arguments, without adequate explanation or even support by citation to the record or otherwise, that leave to appeal should be granted because the Order somehow determines matters pending in the California Action. Such general, non-specific arguments lack merit and should be rejected. The Order does not purport to and plainly does not determine issues pending before the California Bankruptcy Court.

Finally, Defendants fail to explain how consideration of the appeal will "materially advance the ultimate termination of the litigation". They cite *Commerce Bank v. Mountain View Village*, 5 F.3d 34, 37 (3d Cir. 1993) in support of their arguments on this point. *Mountain View Village* is inapposite and easily distinguishable on a number of fronts.

In that case, cited in the Debtor's opening brief, the Third Circuit considered whether a bankruptcy court order finding that rents from tenants in an apartment complex constituted property of the estate and therefore, were available for use as cash collateral, constituted a final order. Prepetition, the debtor's secured creditors had exercised their rights under mortgages and

---

[6] On November 24, 2005, Defendants filed an answer to the complaint. By their answer, Defendants assert at least twelve defenses to the relief sought by the complaint.

assignments of rents and actually were collecting the rents when the debtor filed bankruptcy. After finding that the rents constituted property of the estate and were available as cash collateral, the bankruptcy court certified the issue as a controlling question of law. The banks filed notices of appeal and motions for leave to appeal, which the district court granted. The district court reversed the bankruptcy court. The debtor appealed. The Third Circuit first addressed its jurisdiction over the appeal, and concluded that it had jurisdiction to hear the appeal because, given the facts of the case and the critical nature of the bankruptcy court's ruling, the order of the bankruptcy court was a final order. *Id.* at 37.

Here, no matter how the Defendants wish to spin it, the parties are going back to Bankruptcy Court for further proceedings on the Complaint, whether or not leave to appeal is granted and, if granted, whether or not the Order is affirmed on appeal. No final judgment or order has been entered by the Bankruptcy Court. Acceptance of the appeal at this stage will not advance the ball, it will merely serve to promote piecemeal litigation and piecemeal appeals. Third Circuit law is clear that piecemeal litigation resulting from premature appeals in bankruptcy adversary proceedings is strongly discouraged. *In re White Beauty View, Inc.*, 841 F.2d 524, 526 (3d Cir. 1988). It is equally clear that under the facts of the instant case, the requisite exceptional circumstances for acceptance of this interlocutory appeal are wholly lacking. This Court should exercise its discretion and deny leave to appeal.

## CONCLUSION

For all of the foregoing reasons and for the reasons set forth in the Debtor's opening brief, the Debtor respectfully requests entry of an order dismissing the pending appeal.

Dated: November 29, 2005

**BLANK ROME LLP**

*/s/ Michael DeBaecke*
Michael D. DeBaecke, Esquire (No. 3186)
Steven L. Caponi, Esquire (No. 3484)
1201 N. Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6400

and

**RUTAN & TUCKER, LLP**
Penelope Parmes
611 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626
Tel:    (714) 338-1861

Attorneys for the Debtor