# Exhibit A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE:                               ) Case No. 04-12037
                                     ) Chapter 11
INFRASTRUCTURE SERVICE               )
COMPANY, LLC,                        )
                                     ) Courtroom No. 2
                                     ) 824 Market Street
                                     ) Wilmington, Delaware 19801
         Debtor.                     )
                                     ) June 30, 2005
                                     ) 9:59 A.M.
                                     )

TRANSCRIPT OF OMNIBUS HEARING
BEFORE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Debtors:            Blank Rome, LLP
                            By:  MICHAEL DeBAECKE, ESQ.
                                 STEVEN CAPONI, ESQ.
                            Chase Manhattan Centre
                            1201 Market Street, Suite 800
                            Wilmington, Delaware 19801

Special Litigation          Rutan & Tucker
Counsel and Consultants     By:  PENELOPE PARMES, ESQ.
to the Debtor:              611 Anton Boulevard, Fourteenth Floor
                            P.O. Box 1950
                            Costa Mesa, California 92626-1998

ECR Operator:               Jason Smith

        Proceedings recorded by electronic sound recording,
           transcript produced by transcription service.

## TRANSCRIPTS PLUS
435 Riverview Circle, New Hope, Pennsylvania 18938
e-mail courttranscripts@aol.com

215-862-1115    (FAX) 215-862-6639

1  agreement?  That has not yet been decided.  Whether or not they
2  can meet the task in 365 for assumption.
3          But let's assume that we get to that point.  What is
4  the effect of the transfers that have taken place on the
5  debtor's ultimate rights under that contract?  And the answer
6  is none.  As we sit here today, every entity has filed papers
7  with this Court indicating that to the extent the debtor has
8  any rights in that contract and title is required to be
9  conveyed, it will be done.
10         There is no effect on the property of the estate.
11 Whether that property is the contract or whether that property
12 is a claimed future interest in the real estate.  Whatever it
13 may be, the net effect of the transfers is nothing.
14         THE COURT:  I --
15         MR. CROWTHER:  Yes, the transfers occur.
16         THE COURT:  I don't know that.
17         MR. CROWTHER:  The debtor has to establish that
18 effect.  The debtor has to establish that there is harm that's
19 been caused.  And the answer is the debtor cannot establish any
20 such harm and they cannot establish irreparable harm.
21         THE COURT:  Okay.  Well, look, my take is that this
22 is a clear violation of the stay order.  Because the debtor was
23 given rights in that contract and if at the end of the day the
24 debtor is successful in assuming and assigning this contract,
25 and if these transfers in any fashion are found to interfere

1  with the debtor's rights in that regard, I will declare these
2  transfers void ab initio.
3           MR. CROWTHER: And, Your Honor, that is a future
4  result that if it happens, Your Honor is certainly within your
5  power to do so. And all we're saying is the net effect is zero
6  right now.
7           THE COURT: Okay.
8           MR. CROWTHER: And it's not -- it's not intended to
9  be any net effect. It's just for estate planning purposes as
10 indicated in the declarations. Mr. Firestone --
11          THE COURT: Okay. Well, you're on notice to the
12 eventual outcome of this case if the debtor is successful.
13          MR. CROWTHER: Certainly, Your Honor. I don't think
14 anyone disputed that. We just dispute that a TRO or injunctive
15 relief is at all necessary.
16          THE COURT: I don't think the debtor needs a TRO.
17          MR. CROWTHER: Right.
18          THE COURT: If, at the end of the day, they are
19 injured by this transaction, the transaction is void ab initio.
20          MR. CROWTHER: Okay, Your Honor. I mean that's --
21 if, in fact, there's a stay violation, that would, in fact, be
22 the results. There's no doubt about it.
23          THE COURT: There's no doubt about, in my view, that
24 this was a stay violation.
25          MR. CROWTHER: Right. If a number of things

1 happened.

2 THE COURT: The only question is, has the debtor been
3 injured by it.

4 MR. CROWTHER: Correct.

5 THE COURT: And my ruling is if we determine that it
6 has been injured, those transfers will be deemed void ab
7 initio, as if they never happened.

8 MR. CROWTHER: I don't think we even need to respond,
9 Your Honor. There's no problem with that.

10 THE COURT: Does the debtor have any questions?

11 MR. DeBAECKE: If I may defer to Mr. Thames or Ms.
12 Parmes, and then I may have a few things.

13 THE COURT: Okay.

14 MR. THAMES: This is Mr. Thames, Your Honor. And I
15 have no further comment.

16 MS. PARMES: Same with me, Your Honor.

17 THE COURT: Okay.

18 MR. DeBAECKE: Your Honor, I'm not going to belabor
19 the point, but I just wanted to point out a couple of things
20 about these declarations that were filed. I'm not sure all of
21 the relevant points were covered in the declarations and did
22 not necessarily address all of our concerns when we --

23 THE COURT: I read them quickly and I agree. They're
24 inadequate for an objective that I would want achieved to
25 correct this matter today. But it doesn't have to be corrected

1  today.

2       I can't state it any more clearly than I already

3  have.

4       MR. DeBAECKE:  Okay.

5       THE COURT:  That if at the end of the day the debtor

6  has rights that have been in any way infringed, these transfers

7  did not happen.

8       MR. DeBAECKE:  I'm going to leave it at that.

9       THE COURT:  Okay.  All right.  We stand in recess.

10       (Proceedings Adjourn at 10:29 A.M.)

11                    C E R T I F I C A T I O N

12       I, Karen Hartmann, certify that the foregoing is a

13  correct transcript to the best of my ability, from the

14  electronic sound recording of the proceedings in the above-

15  entitled matter.

16

17  /s/ Karen Hartmann                    Date:  July 3, 2005

18  TRANSCRIPTS PLUS